POWERS vs. BROWDER Adm'r. of HEATH to use of O'BRYAN et al.

# POWERS vs. BROWDER Adm'r. of HEATH, to use of O'BRYAN, et al.

1. Informalities in the application for a change of venue are waived by a party appearing during the progress of the cause subsequent to its removal. The voluntary appearance of the party resisting the change, gives the court to which the cause is removed jurisdiction over his person.

2. The declaration averred that the defendant, on &c., at &c., by his writing obligatory, sealed with his seal &c., obligated himself to pay, on &c., to A. for value received, one thousand dollars, and then and there delivered the said bond, &c. The bond offered in evidence, in addition to the above, contained the words "without defalcation or discount," held that as the declaration did not profess to set out the bond in so many words, but only its substance, the variance between the bond described in the declaration and the one offered in evidence, is not material.

## APPEAL FROM POLK CIRCUIT COURT.

### Todd & Leonard, for appellant.

1. The affidavit for a change of venue must be made by a party to the suit; so is the statute. Even a beneficiary named upon the record, is not a party within the meaning of this statute.

2. There was a variance between the declaration and the bond sued on. The declaration was as upon a bond payable generally, and the bond, given in evidence, was payable without discount or defalcation, and the legal effect of one is different from that of the other.

3. The deposition of R. B. Heath, ought to have been excluded. The examination is not certified to have been in the presence of the examining officer, nor is it affirmed by the clerk that the person acting in that capacity, was a justice.

4. The defendant's motion to dismiss the suit, made at the April term 1849, ought to have prevailed, and the court erred in overruling that motion.

### Hayden & Winston, for appellees.

1. So far as the question is concerned as to the deposition of Heath, it is sufficient to say, that it does not appear from the bill of exceptions, or from the record, that the same ever was read in evidence, and even if the court committed error, it was one which could not have prejudiced the appellant.

2. The second objection taken by the appellant is, that the court permitted a bond to be read to the jury. The issues in this cause are upon the appellant's plea of non est factum and upon his rejoinders. The rejoinders put in issue the assignment of the bond, generally, and also whether the assignment was made previous to the commencement of the suit in chancery mentioned in the plea, puris darrien contumance. There is no pretence that the assignment was not sufficiently proved; and the only question that can come up on the record, is one of variance. The declaration does not pretend to set out a copy of the bond, but only describes its legal effect. We are at a loss to discover any variance, as we contend that the legal effect of the bond, set out in the bill of exceptions, is the same as that described in the declaration; but the bill of exceptions does not pretend to set out all the evidence in the cause, but only states that a certain bond, after proof of the assignment thereof, was offered to be read to the jury, that the appellant objected to the reading of the same, but his objection was overruled and the bond read; and sets out a copy of the bond without stating that the bond set out in the bill of exceptions is the same sued upon; so that, we contend, upon the record, that the question of variance is not presented to this court.

3. We contend that there was no necessity of making O'Brien's administrator a party to the suit, when there was already a legal plaintiff. The declaration describes Browder as the plaintiff, and there is nothing in it to show that he sues to the use of O'Brien or of any one else; but after the conclusion of the declaration there is a writing upon the paper containing it to the following effect: "This suit is brought to the use of Thomas O'Brien, and others.

ADAMS & WINSTON."

This is no part of the declaration, and even if it were, the court would not suffer the suit to be dismissed for the want of a party to prosecute the same, when the plaintiff who commenced the suit was alive and prosecuting the same. This objection appears little less than absurd.

4. As to the awarding the change of venue, it appears that at the November term of the Benton circuit court, 1846, the plaintiff presented his petition for a change of venue, and this was verified by one Thomas B. Smith, who describes himself in the affidavit as interested in the event of the suit, and one for whose use the suit was instituted. The change was awarded to Polk county, and no objections were made at that time by the appellant. We contend that the court below committed no error in awarding a change of venue, as the application was made by the plaintiff and an affidavit to the facts of the petition, by any one interested in the suit, was sufficient; but even if this were not so, after the defendant appeared to the suit in the court to which it was taken, and obtained some three or four continuances, and after the expiration of three years, it was too late for him to make the objection.

NAPTON, J., delivered the opinion of the court.

This was an action of debt commenced in the Benton circuit court, by the administrator of Heath against Powers and Ashly upon a bond for the payment of one thousand dollars. The case was removed to the circuit court of Polk county, and was there tried upon the issue of *non est factum*, and a verdict and jugment given for the plaintiff.

The change of venue had been ordered in 1846, and at the April term of the Polk circuit court, 1848, the defendant moved to suppress the deposition of Richard B. Heath, because it had not been certified or authenticated as the law required. This motion was overruled.

At the same term, the death of O'Bryan, to whose use the suit was brought, was suggested by the defendant, and the court directed security for costs to be given to indemnify the nominal plaintiff.

At the April term, 1849, the defendant, Powers, (the suit having been previously dismissed as to Ashley,) moved to dismiss the suit upon the following grounds. 1. Want of due diligence in its prosecution. 2. No renewal of the suit since the death of O'Bryan. 3. The failure to give bond by the *cestuys que use*. This motion was overruled and an exception taken.

At the October term of the same year a motion was made to strike the cause from the docket, because of some informality in the change of venue; the defendant insisting that the Polk circuit court, had no juris-

POWERS vs. BROWDER, Adm'r. of HEATH, to use of O'BRYAN et al,

diction. This motion was overruled. In support of the motion, it appeared the application for a change of venue was signed by the attornies of the nominal plaintiff, and the affidavit was made by one Th. B. Smith who professed to be interested in the suit.

On the trial of the cause at that term, the plaintiff offered in evidence an obligation conforming in substance to the one declared on, except that the money was to be paid "without defalcation or discount." An objection was made on account of variance, but the objection was overruled. The declaration averred that the defendants, on &c., at &c., by their certain writing obligatory, sealed with their seals &c , obligated themselves to pay, on or before the 25th day of December, 1842, to one Richard B. Heath, for value received, the sum of one thousand dollars, and then and there delivered the said bond, &c.

The first error alleged is the affidavit for a change of venue. Without passing any opinion upon the formality of the affidavit, we consider the objection as coming too late  The venue had been changed, and the parties taken several steps in the cause, prior to the motion to dismiss the case for want of jurisdiction. That the circuit court of Polk county, had jurisdiction of the subject matter of this suit, is beyond dispute. The voluntary appearance of the defendants during the progress of the cause, subsequent to its removal to Polk county, gave the court of that county, jurisdiction over their persons, and any informalities in the application for a change of venue, were thereby waived.

We are not of opinion that there was any material variance between the bond offered in evidence, and that described in the declaration. The declaration did not profess to set out the bond in so many words, but merely described its substance. The bond produced, contained every thing which the declaration described it as containing. The words of the bond, omitted to be stated in the declaration, "without defalcation or discount," were inserted for the benefit of the plaintiffs. Their omission could not possibly prejudice the defendants.

The objection to the deposition of Heath is not an available one here, even if the facts were as suggested. It does not appear from the record that the deposition was read on the trial.

Judgment affirmed.