68  397
42a 500

---

TAYLOR, *Plaintiff in Error*, v. ATLANTIC & PACIFIC RAILROAD COMPANY.

**Change of Venue:** JURISDICTION. Plaintiff brought suit in the circuit court of Phelps county for damages sustained by the obstruction of a water-course. On the application of defendant, the suit was removed to the circuit court of Dent county. After the filing of the transcript in the latter court, an order was there made returning the transcript to the first court. In that court defendant appeared and filed a motion to strike out a part of plaintiff's replication, which was sustained. Thereafter, on plaintiff's motion, the

cause was removed to the circuit court of Crawford county, where, after the filing of the transcript, and on motion of defendant, the suit was dismissed for want of jurisdiction; *Held*, error.

*Error to Crawford Circuit Court.*

*Botsford & Williams* for plaintiff in error.

NORTON, J.—This suit was instituted in the Phelps county circuit court at its February term, 1874, to·recover $6,000 damages alleged to have been sustained by plaintiff from the act of defendant in obstructing a water-course, whereby the land of plaintiff was overflowed and damaged. Defendant appeared and filed answer, to ˙which plaintiff replied. Afterwards, at the February term, 1875, on the application of defendant, a change of venue was awarded to ·the Dent county circuit court. A certified transcript was filed in the latter court in March, 1875, and at the April term thereof, 1875, the court made the following order : " Ordered by the court that the transcript in this case be returned to Phelps county." At the August term, 1875, of the said Phelps county circuit court, defendant appeared and filed his motion to strike out parts of plaintiff's replication, which, by consent, was taken up and sustained. At the same term the venue of the cause was changed, on the application of plaintiff, to the circuit court of Crawford county, in which latter court a certified transcript was filed on the 18th day of September, 1875, and also a motion by defendant to dismiss the suit ou the ground that the court had no jurisdiction of the subject matter of the suit. This motion was sustained, and the suit dismissed, and it is from this action of the court that the plaintiff prosecutes his writ of error.

The Phelps county circuit court had undoubted jurisdiction of the parties and subject matter, as shown by the uncontradicted statement of the petition that defendant's road ran through said county, the service of the summons on defendant's agent in said county, and the subsequent

appearance of defendant to the action. Dixon v. Hann. &
St. Jo. R. R. Co., 31 Mo. 409 ; Rippstein v. Ins. Co., 57 Mo.
86. It is also clear that the order of the said circuit court
changing the venue of the cause to the Dent county circuit
court, invested it with jurisdiction. The only question
arising on the record is, as to the sufficiency of the order of
the latter court, directing the return of the transcript to
Phelps county, to reinvest the circuit court of that county
with jurisdiction. Wag. Stat., sec. 4, provides that when
parties agree in writing, duly filed, upon another county to
which they desire a cause to be removed, it shall, by order,
be removed accordingly. * * In the absence of
anything to the contrary, we think the presumption may
be indulged that the order by the Dent circuit court was
made by the agreement of parties. This presumption is
supported by the fact that both parties appeared after the
return of the transcript to the Phelps circuit court and de-
fendant filed his motion to strike out parts of replication,
which was taken up and being confessed by plaintiff, was
sustained. This may be regarded as a waiver of any
irregularity or informality in the order of the Dent circuit
court. Powers v. Browder 13 Mo. 154 ; Gilstrap v. Felts, 50
Mo. 428 ; 61 Mo. 373 ; 55 Mo. 534 ; 59 Mo. 364 ; 49 Mo
282.

The Phelps circuit court thus having jurisdiction, the
order changing the venue to the Crawford circuit court
gave the latter jurisdiction, and the dismissal of the suit
on motion, without a trial of the issues tendered as to the
failure of plaintiff and defendant to agree upon damages,
and ten days of the condemnation proceedings, was erro-
neous. These questions, as issues in the case, were properly
triable by jury, or by the court when a jury was waived
and not on a motion to dismiss.

Judgment reversed and cause remanded, with the con
currence of the other judges.

REVERSED.