JAMES NANCE, Respondent, v. RICHARD METCALF, Appellant.

### Kansas City Court of Appeals, November 9, 1885.

1. PERSONAL PROPERTY—OWNERSHIP—MANUAL POSSESSION NOT NECESSARY TO DISPOSITION OF.—It is not essential to the ownership of personal property, and the consequent right of disposition, that the owner should have, at the time of sale, the actual, manual possession of the property ; nor that the vendor should so actually deliver it. At common law, a bargain and sale of personal property is defined to be, "a transfer of the absolute or general property in a thing for a price in money." Benjamin on Sales (4 Am. Ed.) 1. And even in case of a barter, the legal effect is generally the same, and the same rules of law apply to both.

2. ——— ESSENTIALS TO A VALID SALE OF.—The only things essential to a valid sale of personal property, at common law, were a proper subject, a price and the consent of the contracting parties, and when these concurred the sale was complete, the title passed without anything more. Until the adoption of the statute of frauds, did the matter of actual delivery become an important quality in the constitution of such contracts. But this statute has no applicability to this case. The property in controversy is under the value of thirty dollars, and the purchase money was paid at the time of the negotiation.

3. PRACTICE—PLEADINGS—ISSUES.—A party will not be permitted to try the case on one theory below, and then invoke another on appeal here. He must stand or fall by the theory on which he chose to fight below.

4. TROVER—CONVERSION—MEASURE OF DAMAGES.—After a contract of sale, if the vendee sells or causes to be sold, the property contracted for, this is a conversion. In the action of *trover* the measure of damages is the market value of the property at the time of conversion, with interest from that date to the time of trial.

5. INSTRUCTIONS—HARMLESS ERROR.—Where the error is wholly harmless to the complainant, the appellate courts will not reverse therefor.

APPEAL from Barton Circuit Court.—HON. CHARLES G. BURTON, Judge.

*Affirmed.*

Statement of case by the court.

This action was begun in a justice's court and tried on appeal in the circuit court, where plaintiff again had judgment, from which defendant prosecutes this appeal. The complaint filed with the justice alleged that the defendant was indebted to plaintiff in the sum of twenty-five dollars, on account of a two-year old steer taken and converted to his use by defendant, which steer was the property of plaintiff. At the trial the plaintiff's evidence tended to show about the following state of facts : In 1879 the plaintiff was the owner of the steer in controversy, and sold him to one Rose, who then sold him to defendant ; that in the spring of 1880, the defendant turned the steer out on the commons. The following fall, perhaps, the defendant went to plaintiff and stated that the steer could not be found, and as plaintiff had raised it defendant asked him for a description of the steer, which plaintiff gave him. In the following winter or spring, the defendant and plaintiff again met, when, on being informed by defendant that he had not yet found his steer, the plaintiff offered to give him a gun for the steer, and he ( plaintiff) to take the chance of finding it. After some parleying the defendant accepted this offer, and plaintiff turned over the gun to him. The gun, as the evidence showed, was not worth more than $1.50. The plaintiff afterwards made search for the steer, but without avail. His evidence further tended to show that the defendant admitted afterwards, that at the time of the sale or shortly afterwards, the steer had come up with another of his cattle, and was kept at his brother's farm with other cattle of defendant's, and was sold by his brother for him, and converted to defendant's use.

The defendant's evidence tended to show that at the time of these negotiations the steer was at his brother's home, and that defendant either was ignorant of this fact, or that he was mistaken as to the identity of the steer, or that he intended merely to practice a joke on the plaintiff, and afterwards offered to give back the gun to

him. In fact, it is difficult to determine precisely what the defendant did claim by his defences. They are uncertain, and quite contradictory.

The court, at the instance of the plaintiff, gave the following instruction :

" If the jury shall believe from the evidence that the steer, sold by the defendant's brother to Kepler, was the same steer which defendant traded to the plaintiff for the gun, you will find for the plaintiff, and assess his damages at such sum as you shall find said steer to be worth."

The court of its own motion gave the following instruction :

"2. Although the defendant may have lost a steer, which he sold to plaintiff for a gun, and although defendant may have taken up a steer which his brother sold to Kepler, still plaintiff cannot recover unless the steer so taken up and sold to Kepler, was the same steer which defendant traded to plaintiff for a gun."

The court refused the following instructions asked by the defendant :

"6. The court instructs the jury that if from the evidence they believe that at the time of the trade of the gun for the chance of the steer, that the steer was not in possession of either Nance or Metcalf, then no title can pass by such a contract, which will entitle the plaintiff to recover in an action of this kind."

"7. The court instructs the jury that if they believe from the evidence, that the steer was in fact lost at the time of the alleged trade, then the plaintiff cannot recover in this kind of an action."

"8. The court instructs the jury that under all the evidence the finding should be for the defendant."

"9. The court instructs the jury that unless they find from the evidence that at the time plaintiff traded his gun for the steer, the defendant delivered the actual possession of the steer to plaintiff, or at sometime afterward, before the institution of this suit, he delivered

actual possession to plaintiff, then the finding must be for the defendant."

"10. The court instructs the jury that if they believe from the evidence that the plaintiff, James Nance, sold the steer in question to one Rose, and Rose sold the same to Richard Metcalf and delivered possession to Metcalf, and that the steer was not afterward in possession of Nance or Metcalf, then the plaintiff cannot recover in this action and the finding must be for the defendant."

ROBINSON & HARKLESS, for the appellants.

I. This action, as stated in the complaint, is not sustained by the evidence. There is a complete failure to make out the case stated. The *complaint* is on the theory that plaintiff is entitled to the value of the steer, to-wit, twenty-five dollars; while the *evidence* shows a case of *deceit*, for which the plaintiff might recover the value of the gun, to-wit, one dollar and fifty cents. There is a clear, striking, and material variance, and the evidence did not make out the case brought. *Sandeen v. K. C., St. Jo. & C. B. R. R. Co.*, 79 Mo. 278 ; *Spencer v. Vance*, 57 Mo. 427 ; *Carson v. Cummings*, 69 Mo. 325.

II. The steer traded for was supposed to be lost, and neither party intended that possession should pass, unless it was found, and it could not be delivered until found. Hence, if defendant afterwards be found in possession of the steer, still plaintiff cannot recover in this kind of action. *Wilson v. Wilson*, 11 American Reports, 519.

III. Even if the form of action is a proper one, the evidence fails to make out a case. The minds of the parties never met, and there was no contract between them. Again, to constitute a sale there must be either actual or constructive delivery, and in this case there could not be either. Schouler on Pers. Prop. 191, 194.

IV. The court erred in refusing instructions for defendant, and in giving plaintiff's as to measure of damages. *Spencer v. Vance*, 57 Mo. 427.

R. J. TUCKER and E. BULER, for the respondent.

I. The statement was sufficient to apprise defendant of the nature of plaintiff's demand, and was, therefore, good. *Barbow v. Occidl. Grove*, 3 Mo. App. 429; *Iba v. R. R. Co.*, 45 Mo. 469; *Roorbaugh v. Reed*, 57 Mo. 202.

II. The evidence tended to make out substantially the cause of action set forth in plaintiff's statement, and there was no material variance. *Coughlin v. Lyons*, 24 Mo. 534; *Hale v. Vandever*, 67 Mo. 732; *Burt v. Warne*, 31 Mo. 296.

III. The theory of defendant is that as there was no *delivery*, the title to the property did not pass. If the value claimed and proven exceeded thirty dollars, there might be something in it; but it was both alleged and proved to be less than that sum, hence the statute of frauds cannot be invoked.

IV. The evidence showed a proper subject price agreed upon and consent of contracting parties. This was sufficient to constitute a valid sale and vesting the property in plaintiff. *Cunningham v. Ashbrook*, 20 Mo. 557; *Erwin v. Arthur*, 61 Mo. 386.

V. The defendant's instructions were based on a theory not sustained by law, as to *delivery* being essential, and were properly refused. The instruction given for plaintiff as to measure of damages was not strictly correct, but it was harmless error, for the jury found according to the lowest valuation of any witness, and considerably less than the sum sued for.

PHILIPS, P. J.—I. The first contention of appellant is, that the plaintiff sued on one cause of action and recovered on another, or that the proofs do not support the allegations of the complaint. There is certainly no difficulty as to the intendment or construction of the complaint. It contains but two material averments: First, that the plaintiff was the owner of the steer in con-

troversy; and, second, that the defendant converted him to his own use.

The first question then to be determined is, does the proof tend to show that the plaintiff, at the time of the alleged conversion, was the owner of the property? It is admitted that at one time the plaintiff did own the steer, and that he sold it to one Rose, and that defendant bought it from Rose. This, then, clearly put the ownership in the defendant. It cannot matter that the steer afterwards strayed from the defendant. He was no less the property of the defendant. It is not essential to the ownership of personal property, and the consequent right of disposition, that the owner should have at the time of sale the actual, manual possession of the property. Whether in the barn, pasture or lot of the owner, or on the commons, it is his property.

Did the plaintiff, by reason of the transaction between him and defendant, become the owner of the steer? Counsel for appellant argue this question as if it were an indispensable pre-requisite to a valid sale and transfer of ownership of personal property, that it should not only have been in a situation, at the time of sale, to have allowed of actual, manual transfer, but that the vendor did so actually deliver it. I do not so understand the law, as applied to the facts of this case. At common law a bargain and sale of personal property is defined to be "a transfer of the absolute or general property in a thing for a price in money." Benjamin on Sales (4 Am. Ed.) 1. And while, if the consideration be other than money—as the giving of other goods in exchange for the thing bought — it would constitute a technical barter, the legal effect is generally the same. The same rules of law apply to both. Benjamin on Sales, 3; *Commonwealth v. Clark*, 14 Gray 372.

All that was essential at common law to the validity of a sale of personal property, "was the mutual assent of the parties to the contract. As soon as it was shown by any evidence, verbal or written, that it was agreed, by mutual assent, that the one should transfer the abso-

lute property in the thing to the other for a money price, the contract was completely proven, and binding on the parties." Benjamin on Sales, 5, 6.

So Judge Leonard, in *Cunningham v. Ashbrook*, 20 Mo. 556, said: "The only things essential to a valid sale of personal property at common law, were a proper subject, a price, and the consent of the contracting parties, and when these concurred, the sale was complete and the title passed without anything more. "The plaintiff's evidence in this case showed that all these requisites were met in the transaction in question."

Not until the adoption of the statute of 29 Charles *II*. 2, c. 3, known as the "Statute of Frauds," did the matter of actual delivery become an important quality in the constitution of such contracts. The corresponding provision is found in section 2514 of our Revised Statutes. But this statute has no applicability to this case. The property in controversy is under the value of thirty dollars, and the purchase money was paid at the time of the negotiation.

II. Counsel for appellant suggest that as the plaintiff bargained merely for the chance of finding the steer, he was not then delivered, and was only to be delivered in the future when found, and, therefore, the title did not pass. We are referred in support of this remarkable proposition to the case of *Wilson v. Wilson* (37 Md. 1), reported in 11 Am. Rep. 518. The case is not relevant. The learned judge was discussing the instance of property not in being at the time of the contract, to be delivered *in futuro*. In such case he holds, that the contract is executory, and in such case "no title passes, or is intended to pass by them until actual delivery."

Here the steer was in existence. There was to be no actual or future delivery by the vendor. The obvious meaning and sense of, and evident understanding by the parties to the contract was, that the defendant sold the steer as he was, and the plaintiff took the chance of recovering the possession.

III. The further argument is made, if it have any-

thing of merit in it, that as the parties were under a mutual misapprehension as to the actual condition of the property contracted about at the time, the plaintiff cannot recover because the steer in fact was not lost when sold. If there had been a mutual mistake of both parties as to the subject matter of the contract, there might be a case for equitable interference and relief. No such question was raised by the defendant at the trial, and no instruction was based on any such issue. A party will not be permitted to try the case on one theory below, and then invoke another on appeal here. He must stand or fall by the theory on which he chose to fight below. *Whetstone v. Shaw*, 70 Mo. 575 ; *Walker v. Owens*, 79 Mo. 568.

Nor would the justice of the peace have had jurisdiction to try such issue. It belongs to a court of equity. *Ridgely v. Stillwell*, 28 Mo. 400, 404. As Napton, J., in *Rayburn v. Deaver* (8 Mo. 105) said : "Courts of equity are established, whose peculiar province it is to relieve against mistakes and omissions ; but courts of law act on the contracts of parties as they find them."

If, as defendant's statements put in evidence by the plaintiff, tended to show, as well as part of his and his brother's evidence, he had the steer in possession at the time of the barter with plaintiff, and knew this, he would not be heard to assert his own wrong, trick or joke as a defence to this action. The joke was too practical and carried too far. The plaintiff was guilty of no misrepresentation, deceit or strategem to mislead the defendant or inveigle him into the bargain.

IV. After this contract of sale, if the defendant sold or caused to be sold, the steer in controversy, this was a conversion, and the plaintiff's case was completely made. *Neiswanger v. Squier*, 73 Mo. 198, and cases cited.

Under the instructions the jury must be presumed to have found the fact to be that the steer so traded by defendant to plaintiff, was the same afterwards sold by defendant's brother to defendant's use. The real issues were fairly enough submitted to the jury by the instruc-

tions given.   We cannot interfere with their conclusion based on conflicting evidence.

V.   The first instruction given on behalf of plaintiff is technically wrong, in not laying down the proper rule as to the measure of damages.   In the action of trover the measure of damages is the market value of the property at the time of conversion, with interest from that date to the time of trial.   *Spencer v. Vance*, 57 Mo. 427.

But as the jury only assessed the damages at seventeen dollars, the lowest valuation placed by any witness on the steer, the error was wholly harmless to the complainant, and in such cases the appellate courts will not reverse therefor.

The judgment of the circuit court is affirmed.   All concur.