WILLIAM HARDING, Respondent, v. DANIEL H. MANARD, Appellant.

Kansas City Court of Appeals, December 4, 1893.

1. **Appellate Practice:** EVIDENCE: INSTRUCTIONS. Where the two theories of the parties supported by evidence are submitted to the jury on instructions covering in the clearest manner both theories, the appellant is in no condition to complain.

2. **Instructions:** WAGERING CONTRACT. Instructions relating to a sale of hogs and presenting the issue of a wagering contract are set out and approved in the opinion.

3. **Sales:** DELIVERY OF POSSESSION. If the vendor agrees to transfer the absolute property in the thing to the vendee for a money price, the contract is complete and binding, the vendee is entitled to the specific chattel and the vendor to the price; and no actual, manual delivery of possession is necessary.

4. ———: ———: BAILEE. When the goods are in the possession of a bailee, an absolute sale confers an immediate and valid title upon the purchaser without any formal delivery of possession; and the bailee's possession becomes the purchaser's possession.

*Appeal from the Linn Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*Lander & Johnson* for appellant.

(1) The hog transaction between the parties was a mere wagering agreement. No delivery of the possession or title to the hogs was ever intended under the guise of the contract, to pass from Harding to Manard. The suit is brought for the difference only, between the contract price of $4.10 per hundred "home weights" and the amount the hogs brought in Chicago. Such contracts are void. *Johnson v. Kaune*, 21 Mo. App. 22; *Cockrell v. Thompson*, 85 Mo. 510; *Williams*

*v. Tiedeman*, 6 Mo. App. 275; *Kent v. Mittenburger*, 13 Mo. App. 507; *Buckingham v. Fitch*, 18 Mo. App. 91; 3 American and English Encyclopedia of Law, Title, Wagering Contracts, bottom page 873, and notes; Tiedeman on Sales, sec. 302, bottom pages 488, 489, and notes. *Crawford v. Spencer*, 92 Mo. 498; *Wright v. Fonda*, 44 Mo. App. 634, 644, 645; *Hayden v. Little*, 35 Mo. App. 418. (2) Respondent's instruction number 1 tells the jury that if $10 earnest money was paid to bind the bargain, then the contract of sale of hogs was valid—wholly ignoring the questions of delivery and manner of settlement, and all other questions involving the validity of the contract relied on. The earnest money of $10 could only take the case out of the statute of frauds; but would not make good a contract void as against public policy. The question of good faith and intention ought to have been submitted to the jury. *Wright v. Fonda, supra.* Said instruction given excludes from the jury the points raised on the evidence by the other side; and presents an issue as to earnest money not in dispute. The instructions given for appellant does not cure the error. *Ellis v. Wagner*, 24 Mo. App. 407; *Hayner v. Churchill*, 29 Mo. App. 676; *Singer Company v. Hudson*, 4 Mo. App. 145; *State v. Neuert*, 2 Mo. App. 295; *Raysdon v. Trumbe*, 52 Mo. 35; *Budd v. Hoffaker*, 52 Mo. 297; *Porter v. Harrison*, 52 Mo. 524; *State v. Railroad*, 50 Mo. 472; *Jones v. Jones*, 57 Mo. 138.

*A. W. Mullins* for respondent.

(1) The contract between plaintiff and defendant was legal and valid. The payment of $10 by defendant to plaintiff in part payment of the purchase price of the hogs and to bind the bargain, fulfilled the requirement of the statute (sec. 5187, p. 1258, 2 R. S., 1889), to give validity to the sale. And, in order to

transfer the title of the property, actual delivery thereof by plaintiff Harding to the defendant Manard was not essentially necessary. Tiedeman on Sales, sec. 84; *Hamilton v. Clark*, 25 Mo. App. 428; *Nance v. Metcalf*, 19 Mo. App. 183; *Martin v. Ashland Mill Co.*, 49 Mo. App. 29; *Erwin v. Arthur*, 61 Mo. 386; *Williams v. Evans' Adm'r*, 39 Mo. 201; *Cunningham v. Ashbrook*, 20 Mo. 553; *Lansing v. Turner*, 2 Johns. 13, 16. (2) Plaintiff had placed his stock in charge of J. J. Botts for shipment and who in his own name had forwarded them by railroad for the Chicago market. Under these circumstances the plaintiff sold the hogs to defendant. The well settled rule of law is that: "When the goods are in the possession of a bailee or agent of the seller, a completed or absolute sale confers an immediate and valid title to the purchaser without any formal delivery of the possession; the possession of the bailee or agent then becomes that of the purchaser, and operates not merely as a transfer of a right of action, but of the goods themselves." *Erwin v. Arthur, supra; Allgear v. Walsh*, 24 Mo. App. 134, 144; *Worley ex rel. v. Watson*, 22 Mo. App. 546, 552, 553; *Williams v. Evans' Adm'r, supra*.

GILL, J.—Defendant Manard has appealed to this court from a judgment against him for $70.38, an alleged balance due plaintiff Harding on a sale of one hundred and seventeen hogs. The evidence discloses about this state of facts: On the evening of April 4, 1892, Harding, who was a Linn county farmer, brought the hogs to Meadville and the same were shipped to Chicago in the name of Botts a regular dealer and shipper of stock. On April 6, while the hogs were in transit, Manard agreed with Harding for the purchase of the hogs at the rate of $4.10 per hundred, according to their weight at point of shipment, less whatever the

hogs might be "docked" at Chicago, and defendant paid $10 to bind the bargain. It was agreed that Botts should dispose of the hogs at Chicago and account to Manard for the proceeds. Botts was immediately informed of Manard's purchase and of his duty to turn over the proceeds to Manard. When the hogs were sold in Chicago, Botts did account to Manard, and by Manard's direction the net amount received from the Chicago sale was paid over to Harding. The aggregate weight of the hogs at the place of shipping, less eighty pounds "dockage" at Chicago, was sixteen thousand, three hundred and seventy-five pounds. This multiplied by the agreed price of $4.10 per hundred amounted to $671.37. Deducting from this the $10 advanced and the Chicago draft of $590.99, which, by order of Manard, Botts had turned over to Harding, left a balance due the plaintiff of $70.38, which defendant refused to pay and for which this suit was brought with the result above stated.

The defendant seeks to escape liability on the charge that the agreement had between him and the plaintiff was a wagering contract, and such as the courts will not enforce. It is claimed by Manard that it was not the intention of Harding and himself, of the one to sell, and the other to buy, the car load of hogs, but that it was a mere gambling on the fluctuation of the market at Chicago.

Admitting now that there was some evidence to sustain defendant's contention, and yet he is in no condition to complain here. The two theories, to-wit, of actual bargain and sale of the hogs as is claimed by Harding, or that it was a mere wagering agreement, as asserted by Manard, were, on instructions sufficiently favorable to the defendant, submitted to the jury, and they have found for the plaintiff. The court gave two instructions, covering in the clearest manner both

theories. The jury were told, in the first place, that if they found that on April 6, 1892, the plaintiff contracted and sold to the defendant a car load of hogs which plaintiff had shipped to Chicago at the price of $4.10 per hundred, according to the weight at Meadville (where they were shipped); that defendant paid at the time of the contract $10 to bind the bargain, and agreed to pay the remainder of said contract price thereafter; but that defendant had failed and refused so to do to the extent and amount of $70.38, then the jury should find for the plaintiff for said amount. And to cover defendant's theory of the case the court further told the jury, "that although the alleged contract between plaintiff and defendant was apparently, on its face, for the purchase of the hogs at the price of $4.10 per hundred pounds; yet, if they further find from all the evidence that the trade, in reality, was by the parties intended to be only a speculation in the price of the hogs in the Chicago market; and that both parties understood and intended, at the time of making the alleged contract, that the plaintiff was not to deliver, nor defendant to receive, the possession of the hogs; but that the hogs should be sold in Chicago by plaintiff's commission man, and that the parties should then settle the transaction by the payment, the one to the other, of the difference between the net price for which the hogs should be sold in Chicago, and the $4.10 per hundred pounds, or that the defendant should pay plaintiff such difference in case said hogs should net less than the $4.10 per hundred pounds, and further find from the evidence that the sum claimed in this action is for such difference, then the plaintiff cannot recover, and the verdict must be for the defendant."

This last instruction was most favorable for the defendant. It presented for decision every fact upon

which defendant could ground a defense. No actual manual delivery of the hogs to the defendant was necessary to the transfer of title as between the contracting parties. If the vendor agrees with the vendee to transfer the absolute property in the thing to the vendee for a money price, the contract is complete and binding on the parties. The vendee becomes entitled to the specific chattel, and the vendor has a right to the price agreed upon. *Nance v. Metcalf*, 19 Mo. App. 183; *Hamilton v. Clark*, 25 Mo. App. 436; Tiedeman on Sales, sec. 84.

And again, as was said in *Erwin v. Arthur*, 61 Mo. 387: "When the goods are in the possession of the bailee or agent of the seller, a complete or absolute sale confers an immediate and valid title to the purchaser without any formal delivery of the possession The possession of the bailee or agent then becomes that of the purchaser, and operates not merely as a transfer of a right of action, but of the goods themselves." Hence it follows that when Harding and Manard agreed upon terms of sale of hogs, which were then in possession of Botts (Harding's bailee or agent), there was an immediate transfer of title, and Botts' possession became that of the vendee, Manard.

This cause seems to have been fairly tried; the verdict and judgment finds ample support in the evidence, and we will not, therefore, disturb it. Judgment affirmed. All concur.