## J. B. HARRISON, Respondent, v. A. P. MURPHY et al., Appellants.

### Kansas City Court of Appeals, March 7, 1904.

1. **TRIAL PRACTICE: Jurisdiction: Appearance.** Though plaintiffs and defendants neither resided in the county where the suit is brought, yet if defendants appear and take leave to answer, the question of jurisdiction over the person is thereby waived.

2. ———: **Defenses: Merits: Abatement.** The defendant may plead to the merits and at the same time to the jurisdiction; but where defendants unconditionally appear, but subsequently move to quash the writ, such motion is properly overruled.

3. **TRIAL AND APPELLATE PRACTICE: Answer: Abatement.** Where there is a plea to the jurisdiction as well as an answer to the merits, but the record is silent as to what became of the plea, the appellate court can not reverse.

4. **PLEADING: Petition: Amendment: Changing Cause of Action.** An original and amended petition are considered and it is held that the cause of action was not changed by amendment.

5. **MONEY HAD AND RECEIVED: Law: Equity: Trial Practice: Parties.** Where one becomes possessed of money which does not in equity belong to him and he can not in good faith withhold it from others beneficially interested in it, there is a constructive trust and an action for money had and received will lie; and equitable relief can also be administered to the parties interested therein; and on the record it is held the trial court acted properly in sending a law account to a jury and subsequently trying an equitable count and all those interested in the fund are properly joined as parties.

Vol 106 app—30

6. **TRIAL PRACTICE:** Instructions: Verdict: Quantum Meruit. The plaintiff and not the defendant can complain that the verdict is less than it should have been on the pleadings and evidence.  Cole v. Armour, 154 Mo. 333, distinguished. .

7. **EQUITY:** Following Fund: Charging Lien: Verdict. In a suit of an equitable nature the finding of the jury is in aid of the court and not conclusive. and it is held that the plaintiff has a right to follow a fund in defendant's hands and charge it with a lien in his favor.

Appeal from Maries Circuit Court.—*Hon. James E. Hazell,* Judge.

AFFIRMED.

*Thomas M. & Cyrus H. Jones* and *Joe McGregor* for appellants.

(1)   On the face of the pleadings filed in this case it appeared, first, that the second amended petition filed by plaintiff and on which defendants Murphy were forced to trial, was a clear substitution of a new and different cause of action from the one declared on in his original petition. McCarty v. O'Bryan, 187 Mo. 589; Green v. Lodge, 79 Mo. App. 184; Prewitt v. Warren, 71 Mo. App. 84; Parker v. Rhodes, 79 Mo. 88; Lumpkins v. Collier, 79 Mo. 170; Daudt v. Machens, 13 Mo. App. 592; Heman v. Glann, 129 Mo. 325. (2) It is apparent from the pleadings in this case that the circuit court of Maries county had no jurisdiction over the person of the defendant Murphy or the subject-matter of the cause of action.   Defendant A. P. Murphy was and is a resident of Crocker, Pulaski county, Missouri, and F. W. Murphy was and is a resident of Dixon, Pulaski county, Missouri.   The plaintiff was and is a resident of Phelps county, Missouri.   Huff v. Shepard, 58 Mo. 242.   (3) The court should have sustained defendant's demurrer to plaintiff's evidence.   Harris v. Woody, 9 Mo. 113; Powell v. Railroad, 76 Mo. 83; Clark v. Railroad, 36 Mo. 203; Smith v. Hutchison, 83 Mo. 691; Breen v. Fairbank

Co., 35 Mo. App. 251. (4) The verdict of the jury in this case is contrary to and in conflict with instruction No. 7, given by the court on behalf of the defendants. Cole v. Armour, 154 Mo. 333; McCormick v. Railway,' 154 Mo. 191. (4) This was a suit on an express contract and the finding and verdict of the jury and the judgment of the court rendered thereon is on a *quantum meruit* and is in direct conflict with and opposed to instructions numbered 4 and 5. Clemens v. Yates, 69 Mo. 625; Firth v. Anderson, 87 Mo. 354; Groll v. Tower, 85 Mo. 249; Stix v. Matthews, 75 Mo. 100; Johnson-Brinkman Co. v. Bank, 116 Mo. 567; McCormick v. Railway, 154 Mo. 191; Cole v. Armour, 154 Mo. 333; Hays v. Bunch, 91 Mo. App. 467.

*J. A. Watson* for respondent.

(1) By appearing at the October term of the circuit court of Maries county and taking leave to file answer thirty days before the next term of that court, appellant waived the question of jurisdiction over his person. Baisley v. Baisley, 113 Mo. 544; Peters v. Railroad, 59 Mo. 406; Taylor v. Railroad, 68 Mo. 397. (2) The amended petitions filed by plaintiff in this case did not change the original cause of action. Liese v. Meyer, 143 Mo. 547; Scovill v. Glasner, 79 Mo. 449; Holt v. Cannon, 114 Mo. 514; Sims v. Field, 24 Mo. App. 557. (3) Although the amendments were a substitution of a new and different cause of action, the appellants having gone to trial on the amended statement, waives the error, if any, in permitting the amendment. Wynn v. Followill, 98 Mo. App. 463; Sanguanette v. Webster, 153 Mo. 343; Real Estate Co. v. Lindell, 133 Mo. 395; Spurlock v. Railroad, 104 Mo. 658; Stearns v. Railroad, 94 Mo. 317; Hughs v. McDavitt, 102 Mo. 77; Scovill v. Glasner, 79 Mo. 449; Cravens v. Gilliam, 73 Mo. 527; Choteau v. Allen, 70 Mo. 290; Mortland v. Holton, 44 Mo. 58; Picketts v. Hart, 73 Mo. 654; Mathews v. Perdue, 79 Mo. App. 149; Chemical Co. v. Lackawanna Line,

70 Mo. App. 280; Hurley v. Railroad, 57 Mo. App. 680; State ex rel. v. Jones, 53 Mo. App. 212; Riley v. Stewart, 50 Mo. App. 601; Lawless v. Lawless, 39 Mo. App. 539; Philbert v. Burch, 4 Mo. App. 470. And by answering over and going to trial defendant waived his right to ask by bill of exceptions for a review of the ruling of the court on his motion to strike out the second amended petition. Bernard v. Mott, 80 Mo. App. 403; State ex rel. v. Butler Co., 164 Mo. 214; Tel. Co. v. Semes, 73 Mo. 9; Polsley v. Anderson, 7 W. Va. 202; Marsh v. Holbrook, 3 Abb. App. Dec. (N. Y.) 176.

SMITH, P. J.—A Mrs. Wheeler employed W. H. Murphy, an attorney, to bring and prosecute an action for malpractice for her and in her name against Dr. W. H. Bowles. In the contract of employment it was agreed that the said W. H. Murphy should receive as compensation for his services in the malpractice case one-half of whatever amount should be recovered therein. The defendant, A. P. Murphy, a son of W. H. Murphy, was at that time associated with his father as partner in the practice of the law. Some time after the suit had been brought the Murphys concluded they would associate with themselves in the conduct and trial of the case the defendants Holmes and Mosby, the latter agreeing with the former that for their services they were to participate in the conditional fee to be received by the former. The case was tried in the circuit court where the plaintiff had judgment for $4,000. The defendant took an appeal to the Supreme Court. The cause was on the docket of the April term, 1901, of that court. In the December preceding, the said W. H. Murphy found himself in failing health and that he would not be able to prepare the brief and argue the case when it should be reached for hearing in the Supreme Court. In view of this, said W. H. Murphy and defendants Holmes and Mosby met in conference and there agreed that an attorney familiar with the practice in the Su-

preme Court should be engaged to brief and argue the case, and that defendant Holmes be authorized to engage such an attorney, exercising his judgment in the selection. Defendant Holmes thereupon requested the plaintiff to brief and argue the malpractice case, telling him that his fee would be conditional; that W. H. Murphy, Mosby and himself were to receive for their fee one-half of the amount of the judgment recovered and that they would satisfy him for his services out of that. The plaintiff after examination of the papers relating to the case told defendant Holmes that he would brief and argue the case for a five hundred dollar contingent fee. W. H. Murphy was notified of the plaintiff's employment and of the amount of the fee demanded, and with which he expressed himself satisfied. The plaintiff accordingly briefed and argued the case before the Supreme Court, where the judgment of the circuit court was affirmed. Shortly after the affirmance the plaintiff therein, Mrs. Wheeler, assigned the same to defendant A. P. Murphy, to whom, shortly thereafter, it was paid. The said W. H. Murphy died on April 22, 1901. The defendant A. P. Murphy paid plaintiff two hundred dollars for his services in the malpractice case and refused to pay him any more. This suit was brought to recover the sum of three hundred dollars claimed to be still due and owing plaintiff under his contract of employment. There was a trial in which plaintiff recovered judgment for two hundred dollars, and to reverse that judgment this appeal is prosecuted.

The contention of the defendants A. P. Murphy and F. W. Murphy, administrator of W. H. Murphy, deceased, is, that as the plaintiff resided in Phelps county and they resided in Pulaski county, that the circuit court of Maries county, in which the suit was brought, was without jurisdiction of their person. Even if the defendants Holmes and Mosby, residents of Maries county, were not necessary or proper parties defendant and were wrongfully joined with the Murphys as defendants in the

cause, yet as the latter appeared to the action at the return term of the writ and obtained leave to answer thirty days before the next term, this was sufficient to confer jurisdiction. They thereby brought themselves within the jurisdiction of the court. The question of jurisdiction over the person was thereby waived as to them. Baisley v. Baisley, 113 Mo. 544; Peters v. Railway, 59 Mo. 406; Taylor v. Railway, 68 Mo. 397; Tower v. Moore, 52 Mo. 118; Pry v. Railway, 73 Mo. 123; Clark v. Brotherhood Loco. Firemen, 99 Mo. App. 687.

It is true that under our present practice act a defendant may in his answer include with his defense on the merits a plea to the jurisdiction of the person of the defendant without foregoing the benefits of such plea. Byler v. Jones, 79 Mo. 263; Little v. Harrington, 71 Mo. 390. The defendants did not pursue this course but on the contrary they unconditionally appeared and took leave to answer within thirty days thereafter. After obtaining this permission they filed a motion to quash the writs which were, we think, properly overruled.

It is true, in their answer to the second amended petition they included with their defense on the merits a plea to the jurisdiction, but they seem thereafter to have abandoned this plea for it nowhere appears in the record that the court was requested to pass upon it. If the defendants had cared to rely upon this plea to oust the jurisdiction of the court they should have asked the consideration of it by the court before proceeding with the trial on the merits. After filing the answer containing the plea they made no further mention of it but proceeded without objection to a trial on the merits; and so are now in no situation to assail the judgment on the ground that the plea to the jurisdiction was not passed upon and determined by the court. If the court struck out any part of defendants' answer the record does not show such ruling nor does it show any exception

was taken and saved thereto, so that this ruling, if made, is not before us for review.

The defendants object that the plaintiff's second amended petition substituted a new and different cause of action from that stated in his original petition. The latter, to say the least of it, is an extremely inartificial and awkwardly framed pleading. The allegations of the second amended petition differ from those of the original only in that they are far more specific and elaborate. It is plain to be seen that the cause of action intended to be stated in each of these pleadings was that for money had and received. Clark v. Bank, 57 Mo. App. l. c. 285.

In the plaintiff's original petition about the following facts were expressly or impliedly stated, that is to say: that the defendants were entitled to receive as a conditional fee for their services in Wheeler v. Bowles, fifty per cent of the judgment which had been recovered in that case; that the case had been appealed to the Supreme Court and that the defendants agreed with plaintiff that if he would brief and argue the case in the Supreme Court for the plaintiff therein that they—defendants—would pay him the sum of $500 out of the said conditional fee, if received by them; that plaintiff did brief and argue said cause in the Supreme Court and did procure an affirmance of said judgment; that W. H. Murphy was dead but that the defendant, A. P. Murphy, had collected the said judgment; and had the proceeds thereof in his possession; that out of such proceeds he had paid plaintiff two hundred dollars but had refused to pay him any more. There was a prayer for judgment against defendant A. P. Murphy, "for $300 and for such other and further relief as may seem proper in the premises."

The first count in the plaintiff's second amended petition is in substance the same as his original, differing from it in being more extended and specific in its allegation. The allegations of fact in the second count

are little more than a repetition of those of the first. It is therein alleged that defendants were to receive a conditional fee under a contract with the plaintiff in Wheeler v. Bowles, and that under said contract between defendants and W. H. Murphy all of the defendants were to be paid out of said conditional fee when collected; that the defendants agreed with plaintiff that his fee should be five hundred dollars for the services he was to perform in said case; and that said sum should be paid out of the fifty per cent when collected on said judgment; that after the affirmance of the judgment, defendant A. P. Murphy had procured an assignment of it to himself and afterwards collected the same and had retained fifty per cent thereof, or $2,000 for the purpose of paying the fees due all of said attorneys under their said agreement; that he had paid plaintiff $200 and had in his possession the sum of $300, the balance which should have been paid to him under said contract. These allegations are followed with a prayer for an accounting with defendant A. P. Murphy and for a decree to pay over $300 or any moneys held in trust for the satisfaction of plaintiff's claim under said contract, and that plaintiff be subrogated to the rights of all the defendants in said funds in the hands of said Murphy to the extent of his claim, etc.

It is manifest that there was no substitution in the second amended petition of a cause of action different from that stated in the original petition. The same contract between the same parties is stated in both pleadings. In the first there was a prayer for judgment for $300 and for other proper relief. The amended petition is hardly to be considered as containing two distinct counts, one in law and the other in equity, but rather as containing a number of allegations showing a right in plaintiff to relief, both at law and in equity.

But if the allegations in the first part of the petition be considered as a count in an action at law, then the allegations of that count are sufficient to support the

judgment. A valid contract is alleged followed by allegations of the breaches thereof, with a prayer for judgment against all of the defendants. The remaining allegations are in substance a repetition of those of the first count supplemented with the further allegation that one of the defendants had collected the fifty per cent of the judgment for the purpose of paying the said conditional fees due defendants and plaintiff and had withheld the same. The allegations of the second count as framed were sufficient to justify the exercise of the equitable jurisdiction of the court.

The defendant A. P. Murphy had collected and had in his hands money which did not equitably belong to him and which he could not in good conscience withhold from the plaintiff who was beneficially entitled to it. On these facts a constructive trust arose and an action could be maintained against him for money had and received. Pomeroy's Eq., sec. 1047; Johnson v. Bank, 56 Mo. App. 257; Clark v. Bank, 57 Mo. App. l. c. 286-7. The plaintiff on these facts was entitled to equitable relief.

The count at law was tried to a jury and subsequently the other count was heard by the judge of the court in his quality of chancellor. The verdict of the jury and the finding of the chancellor was for plaintiff. Under the evidence it is difficult to see how either could have reached a different conclusion.

As all of the defendants were beneficially interested in the fund in the hands of one of them in the action by plaintiff to recover his alleged share of it, it was proper that all of them should be joined. They were all interested parties. If the plaintiff's claim was paid it would have the effect to diminish the fund and the proportionate part to which each would be finally entitled, and therefore they were proper parties to the action. The court in the exercise of its equitable jurisdiction could specially decree that the trustee holding the fund pay

over to the plaintiff the part of it to which he was entitled under the agreement.

The plaintiff's instructions submitted the case to the jury on the contract theory alone; and those of the defendants were the converse. But the defendants contend that as the jury only returned a verdict for two hundred dollars when the plaintiff under the instructions was entitled to recover either three hundred dollars or nothing, that therefore it disregarded the instructions and found on a *quantum meruit*. It is true that the plaintiff, under the instructions and the evidence, might have recovered three hundred dollars instead of two hundred, yet we can not say that it necessarily follows that the finding was based on *quantum meruit* and unauthorized. The plaintiff and not the defendants can complain that the verdict was against them for a less amount than the pleadings and evidence authorized. Alderman v. Cox, 74 Mo. 78; Nance v. Metcalf, 19 Mo. App. 183; Gaty v. Sack, 19 Mo. App. l. c. 477. But the defendants contend that tested by the rule declared in Cole v. Armour, 154 Mo. 333, that the verdict can not be upheld. In that case it was said that "plaintiff sued on a special contract and therefore he must recover upon that or not at all in this action. Having elected to stand upon special contract he can not recover for money had and received to his use for his share of the 'Cole Ranch,' or upon a *quantum meruit* for work and labor done or services performed. . . . While there is some evidence in this case tending to prove the contract sued on, there is absolutely no evidence whatever *which supports the verdict* for the verdict is not responsive to the issue nor *to any testimony in the case.*"

This case does not fall within the rule just stated. Here, the contract in issue was established by ample evidence. And this evidence further shows that while the malpractice case was pending in the Supreme Court on a motion for a rehearing, and before the plaintiff had

finished and filed the brief he was preparing in opposition to the motion, a compromise of the case was effected whereby the plaintiff therein agreed to throw off the accumulated interest on the judgment, amounting to about $800 and to accept the face of the judgment of $4,000 as a compromise settlement. By the settlement the plaintiff herein was relieved of the performance of part of the labor he had engaged to perform in the case for the $500 fee. And the jury may have very well thought that even though he was entitled under his contract to $500, yet as he did not perform the labor he would have been compelled to perform in the case but for the compromise, that therefore he ought not to receive the full amount which it was agreed he should receive; so that it can not be said the verdict for one hundred dollars less than plaintiff was entitled to receive was not responsive to any evidence in the case.

As already stated, the suit is of an equitable nature. The finding of the jury was only in aid of the court and not conclusive. The court in the exercise of its equitable jurisdiction in rendering its final decree in the cause expressly found from the evidence that the contract of employment provided from what source and out of what fund the stipulated fee was to be paid. It would seem that the plaintiff had the right to follow this fund and to have it charged in the hands of the holder with a lien for the amount of such fee.

Several other errors are alleged to have been committed by the court in the giving and refusing of instructions and in the admission of evidence, which we have examined but do not find that they ought to be sustained. We can not think that any of such errors, even if committed, were prejudicial on the merits.

The judgment was clearly for the right party and must be affirmed. All concur.