THE STATE v. LUE PERKINS, Appellant.—95 S. W. (2d) 75.

Court en Banc, May 28, 1936.*

*NOTE: Opinion filed at September Term, 1935, March 18, 1936; motion for rehearing filed; motion overruled at May Term, May 28, 1936.

28

*L. N. Searcy* and *Don Purteet* for appellant.

*Roy McKittrick*, Attorney General, and *William W. Barnes*, Assistant Attorney General, for respondent.

FRANK, J.—Appellant was charged in the Circuit Court of Shannon County with the transportation of "hootch, moonshine, corn whiskey." Upon trial she was convicted and her punishment assessed at two years' imprisonment in the penitentiary. From such judgment and sentence an appeal was granted to this court.

On submission of the cause in Division Number Two, an opinion was written by a commissioner of that division affirming the judgment, in which opinion one of the judges of that division concurred, another voted *dubitante*, and the other dissented in a separate opinion holding that the trial court did not have jurisdiction of the cause. On the court's own motion the cause was transferred to court en banc.

The divisional opinion declined to pass upon the errors alleged to have been committed during the progress of the trial on the ground that the bill of exceptions was not certified by the clerk of the circuit court. The opinion affirmed the judgment on the record proper, holding that such record was free from error.

Appellant submits the case en banc on the sole question of the jurisdiction of the trial court, stating in her brief filed en banc that she "does not wish to be understood as finding fault with anything in the majority opinion except the learned commissioner's finding and conclusion upon the question of the trial court's jurisdiction and power to proceed with the trial of the cause." Since the only question presented is one of jurisdiction, we will confine our opinion to that issue.

The facts pertinent to the question of jurisdiction are as follows:

The information against appellant was filed in the Circuit Court of Shannon County. Judge Green was the regular judge of that court. After the filing of the information, appellant filed what the record styles application for change of venue from the court. Such an application is one for a change of the judge before whom the case is to be tried, and not one for a change of venue, or place of trial. The record shows this application was sustained and Judge McAnnally, judge of the Twenty-second Judicial Circuit was called to try the cause. Judge McAnnally accepted the call, entered upon the discharge of his duties, heard and determined a plea in abatement filed by defendant, and continued the cause. Judge McAnnally's term of office as judge of the Twenty-second Judicial Circuit expired and he was unable to try the cause. Thereafter appellant asked leave to withdraw her application for change of venue from the court, and requested Judge Green, the regular judge, to try the cause. Appellant's request was granted and the following order was entered of record:

"Now at this day comes defendant by attorney and withdraws her application for change of venue from the court, and requests trial before Honorable Will H. D. Green, and order heretofore granting change of venue from the court is set aside and for naught held, at the request of the defendant."

After making the above order, Judge Green, the regular judge, tried the cause and appellant was found guilty as heretofore stated.

Appellant contends that the order sustaining the application for change of venue from the court, and calling Judge McAnnally, disqualified the regular judge, and when it developed that Judge McAnnally was unable to try the case, the only authority the regular judge had was to proceed under the provisions of Section 3651, Revised Statutes 1929, and request the judge of some other circuit to appear and try the cause, and if the judge so requested failed to appear and hold the court at the time appointed for the trial of said case, to order a change of venue to some other circuit.

There is no doubt about the duty of Judge Green to proceed under the provisions of Section 3651, as contended by appellant, unless appellant's withdrawal of her so called application for change of venue, and her request that Judge Green try the case, waived his alleged disqualification. When appellant's so called application for change of venue from the court was sustained and Judge McAnnally was requested to appear and hold court for the trial of the case, the venue of said cause was not changed. The case remained in the Circuit Court of Shannon County, and that court at all times had jurisdiction thereof. Since the jurisdiction of the case was in that court, the only question to be determined is whether or not, under the facts shown, the

regular judge of that court had authority to preside at the trial of the case.

The right of a defendant in a criminal case to disqualify a judge or obtain a change of venue is not a constitutional right, but is a statutory privilege which may be waived. It has been held that the right to a change of venue is a privilege secured to the prisoner which may be waived either before or after the order changing the venue has been entered. In the case of Paris v. State, 36 Ala. 232, the defendant was indicted in the Circuit Court of Marshall County for the murder of James Rose. On his application at the September Term, 1858, the trial was removed to Jackson County, and the cause was continued at two successive terms. At the March Term, 1859, on application of defendant, with the consent of the State, the cause was removed back to Marshall County, where defendant was tried and convicted. On appeal it was contended that it was error to remove the cause back to Marshall County because the statute provided a cause could be removed but once. In disposing of this contention that court said:

"Of the fact that the trial was had in Marshall, instead of Jackson County, the plaintiff in error cannot be heard to complain. The venue was re-transferred to Marshall at the instance of the prisoner, and the trial was then and there had, without any objection on his part. Moreover, the trial took place in the county in which the indictment was found, and in which the offense was committed. Without announcing any opinion on the question, whether a party accused of a felony can, by his consent, transfer the trial, after the venue has been once changed, to any county other than the one in which the offense was committed, we feel no hesitation in asserting that the right to have his trial adjourned to a county free from prejudice against the accused, is a *privilege* secured to the prisoner, which he may waive, either before or after the order changing the venue has been entered. [Hughes v. The State, 35 Ala. 351; Rosenbaum v. The State, supra; 1 Bish. Cr. Law, secs. 657, 672; Gager v. Gordon, 29 Ala. 344.]'"

In the case of State v. Taylor, 132 Mo. 282, 33 S. W. 1145, the defendant was indicted in the Circuit Court of Dallas County for stealing nine hogs of the value of $36. On defendant's application the venue of said cause was changed to the Circuit Court of Hickory County because of the alleged prejudice of the inhabitants of Dallas County against him, and the cause was duly certified to Hickory County. Apparently changing his mind as to the prejudice of the inhabitants of Dallas County, defendant appeared in the Circuit Court of Hickory County, and agreed with the prosecuting attorney that the cause be transferred back to Dallas County, and it was so ordered. He was tried and convicted in Dallas County. On appeal he contended the Circuit Court of Dallas County acquired no jurisdiction to try the case. In affirming the judgment, this court, among other things, said:

"The right to a change of venue being a privilege accorded to the defendant alone and not to the State, no valid reason appears to us why he may not stipulate for such a change or waive it if he sees fit. It involves in no sense a waiver of any constitutional right. But in this case the defendant was not waiving any right. He was simply obtaining a privilege by a more speedy route than that accorded him by the statute. The waiver was by the prosecuting attorney of the petition and supporting affidavits. A defendant in a criminal case in a matter in which his constitutional rights are not invaded, can no more be allowed to deal unfairly with the court and the State than a party in a civil case. Having made his election and the court having awarded him a change of venue at his own request, he cannot now complain of the privilege granted him. [People ex rel. v. Scates, 3 Scam. (Ill.) 351; State v. Potter, 16 Kan. 80; Paris v. State, 36 Ala. 232.] By the action of the Hickory County Circuit Court the venue was retransferred to the county in which the offense was committed and the indictment was found and the trial was had there without any objection by defendant. . . ." [See, also, State v. Jennings, 134 Mo. 277, 35 S. W. 614.]

█ If a defendant, with the consent of the court and prosecuting attorney, may waive the right to a change of venue from the county, after the change has been granted, no logical reason can be advanced why the right to a change from the judge, cannot be waived after the change has been granted. There is no difference in principle.

When Judge McAnnally became disqualified to try the case by reason of the expiration of his term of office as judge of the Twenty-second Judicial Circuit, the order calling him to try the case failed of its purpose, and left the case pending as though such order had never been made, with authority in Judge Green, the regular judge, to call the judge of some other circuit to appear and try the case. In State v. Silva, 130 Mo. 440, 32 S. W. 1007, Judge Hirzell, judge of the Thirteenth Judicial Circuit was called by the Judge of the St. Louis Criminal Court to try a criminal case. He appeared and entered upon the discharge of his duties, heard and determined a motion filed by the defendant, then continued the cause. He later refused to try the case. Speaking of the status of the case after Judge Hirzel refused to try it, this court said:

"When Judge Hirzel refused to act further it was as if he had never consented to act. . . ."

In the case of State v. Gillham, 174 Mo. 671, 74 S. W. 859, the judge of the St. Louis Court of Criminal Correction was disqualified in a criminal case and Judge Neville of the Twenty-third Judicial Circuit was called to try the case. Later Judge Neville was disqualified. Speaking of the status of that case after Judge Neville's disqualification, this court said:

"When Judge Neville was disqualified, his authority to take any further steps in the case ceased, and the case stands in the St. Louis Court of Criminal Correction, as though he had never assumed to act at all. . . ."

So we say in the case at bar. When Judge McAnnally became disqualified after he had been called and entered upon the discharge of his duties, the case then stood in the Circuit Court of Shannon County, as though Judge McAnnally had never been called, or had refused to accept when he was called. The right to a change of venue or a change from the judge being a mere statutory privilege which a defendant may waive, it must undoubtedly be true that after the application for a change was filed, and before the regular judge acted upon it by calling Judge McAnnally, it could have been withdrawn. If Judge McAnnally's disqualification or refusal to act after he was called, placed the case back in the position it was before he was called, with authority in the regular judge to call in another judge, it must follow that the application could be withdrawn before another judge was called and assumed charge.

Appellant relies upon the case of State v. Hayes, 88 Mo. 344. The first appeal of that case is reported in 81 Mo. 574. In that case the defendant was indicted for murder in the first degree in the St. Louis Criminal Court. Affidavits were filed disqualifying Judge Laughlin the regular judge of that court, and Judge Burton, judge of the Twenty-fifth Circuit was called to try the case. He accepted the call and entered upon the discharge of his duties. Later Judge Laughlin, the regular judge, set aside the order theretofore made calling Judge Burton to try the case, and tried the case himself, which trial resulted in the conviction of defendant. On appeal we held that "The judge of the criminal court being thus rendered incompetent to sit in the case at bar, he lost his jurisdiction of the case *when the order requesting Judge Burton had been complied with, and the latter had entered upon the discharge of his duties.*" (Italics ours.) The judgment of conviction was reversed and cause remanded because Judge Laughlin, the regular judge, did not have jurisdiction to try the case.

After the case was sent back for a new trial, defendant withdrew his application for change of venue, and filed a motion asking that the order theretofore made calling Judge Burton to try the case be set aside. Relative to such action on the part of defendant, we said:

"This motion was denied, and properly denied. Section 1881, Revised Statutes 1879, fully authorized the making of the order which the defendant sought to have set aside. Judge Burton, by that order, being clothed with jurisdiction, retains that jurisdiction until the final determination of the cause. This is what the statute says in express terms, and so it was ruled when this cause was here before. [State v. Hayes, supra.] It follows, from these premises, that the

withdrawal of the defendant's application for a change of venue did not divest Judge Burton of the jurisdiction with which he became invested in consequence of the order in that behalf previously made.''

The distinction between the Hayes case and the case at bar is that in the Hayes case when Judge Burton was called in and assumed jurisdiction of the case, he did not lose jurisdiction by thereafter becoming disqualified or refusing to act, while in the instant case after Judge McAnnally was called in and assumed jurisdiction, he thereafter became disqualified by the expiration of his term of office as judge of the Twenty-second Judicial Circuit, thereby losing jurisdiction of the case. If Judge McAnnally had not become disqualified after he assumed jurisdiction of the cause, and had presided at the trial of the cause over defendant's protest, we would then have a case like the Hayes case. But when Judge McAnnally became disqualified, he lost all jurisdiction of the case, and therefore drops out of the picture. That left the case standing before Judge Green as though no judge had been called, with an application for change of venue pending. The right to a change of venue is not a constitutional right but is a statutory privilege which can be waived. Defendant had a right to insist upon her application for change of venue or withdraw it. She withdrew it and requested Judge Green to try the case. He had jurisdiction to try the case before the application was filed. Its withdrawal before another judge was called and assumed jurisdiction of the case, left Judge Green's jurisdiction unassailed.

The gist of this whole matter may be summed up as follows: ''Where the cause is remanded, the party obtaining the original change may waive objections to the remand by appearance.'' [67 C. J., p. 224; Taylor v. Atlantic & P. Railroad Co., 68 Mo. 397; Cupples v. Hood, 1 Mo. 497; Bank of Kennett v. Cotton Exchange Bank, 72 S. W. (2d) 842.] ''The court to which a case is remanded regains jurisdiction. A formal order reversing the first order is unnecessary.'' [67 C. J. 216.]

The judgment below should be affirmed. It is so ordered. All concur, except Tipton, J., who dissents.