## PRATHER v. PRATHER.

No. 28723.

St. Louis Court of Appeals.

Missouri.

Dec. 15, 1953.

Rehearing Denied Jan. 15, 1954.

Thurman, Nixon & Blackwell, J. W. Thurman, and Jeremiah Nixon, Hillsboro, for appellant.

Ennis & Saunders, Festus, for respondent.

HOLMAN, Special Judge.

The defendant (appellant) Wade H. Prather has appealed from the order of the Circuit Court of Jefferson County overruling his motion to quash an execution.

Plaintiff, Gwinth Prather (respondent), instituted this action on the 12th day of

August, 1950, by filing her petition for divorce in said court. On September 12, 1950, plaintiff's motion for allowances was heard and the court ordered that the defendant pay her forty dollars each month as alimony pendente lite and sixty dollars for her attorney fees. Thereafter, the defendant filed his application to disqualify Hon. Edward T. Eversole, the judge of said court. This application was sustained on October 19, 1950, and the parties agreed upon Hon. Will B. Dearing, an attorney, to act as special judge in the cause.

The case was tried before Judge Dearing and on March 29, 1951, a decree was entered by said special judge granting the plaintiff a divorce but she was not allowed alimony or additional attorney fees. No motion for new trial was filed and this decree became final in due course of time.

On March 3, 1952, at the request of the plaintiff, an execution was issued by the circuit clerk of Jefferson County whereby plaintiff sought to collect from the assets of the defendant the sum of $260 alleged to be due and unpaid upon the judgment for alimony pendente lite and attorney fees. Thereafter the defendant filed a motion to quash this execution alleging that said judgment had been fully settled by a stipulation entered into by said parties and filed in a partition suit that had been instituted shortly after the divorce decree was rendered.

The motion to quash was heard by Judge Eversole on December 1, 1952, and was, on said date, overruled. Each of the parties offered evidence upon the issue raised by the motion and fully participated in the hearing. It should be noted that neither party made any objection to the right or authority of Judge Eversole to hear and decide this motion. The defendant in his motion for new trial alleged, for the first time, that the regular judge had no jurisdiction or authority to hear this motion because he had previously been disqualified and a special judge chosen by agreement. The motion for new trial was overruled and the defendant has perfected his appeal to this court.

The only point relied upon by the defendant on this appeal is the contention that Judge Eversole had no authority to hear and decide this motion. He contends that said court, with the regular judge presiding, had no jurisdiction over the subject matter of this cause and hence it follows that the order complained of was absolutely void.

In support of this assertion defendant has cited a number of cases, including Ex parte Haley, 99 Mo. 150, 12 S.W. 667; State ex rel. Fowler v. Calvird, 230 Mo. App. 548, 93 S.W.2d 1106 and State ex rel. Hentschel v. Cook, Mo.App., 201 S.W. 361, none of which we think are in point. These cases hold that when a change of venue is taken from one county to another, complete jurisdiction is vested in the court of the county to which the cause is transferred and no jurisdiction whatever remains in the county where it originated. Defendant, however, overlooks the fact that the venue was never changed in the instant case. The venue, as well as jurisdiction of the parties and subject matter, has always been in the Circuit Court of Jefferson County. The issue here is whether the regular judge of that court had authority to hear and determine this motion. If he did not, was it a question of jurisdiction of the subject matter or was his assumption to act in this cause simply error which would be waived unless a timely objection was interposed?

When the motion was called up for hearing the regular judge, if he recalled that he had been disqualified more than two years before, evidently proceeded upon the theory that the authority of the special judge expired when the divorce decree became final and since the motion involved an issue having no connection with the merits of the divorce suit he could properly hear the same. Many cases state the general rule, that the jurisdiction of a special judge continues until the termination of the case by final judgment. Edmonds v. Scharff, 279 Mo. 78, 213 S.W. 823. It is our view, however, that this motion should have been heard by a special judge. We think that the disqualification of the regu-

lar judge applied to any matter, other than purely formal orders, that might ever require adjudication in this cause. A motion to quash an execution is not an independent proceeding, but is regarded as an adjunct to the original case. Wyoma Leather Co. v. Modern Hat & Cap Mfg. Co., Mo.App., 67 S.W.2d 815. If, as the cases would seem to indicate, the authority of the special judge terminated when the divorce decree became final, then appropriate steps should have been taken to procure another special judge. In this connection it should be noted that under certain circumstances a disqualified judge may make formal orders of a routine nature not affecting the merits of the cause. State ex rel. Nickerson v. Rose, 351 Mo. 1198, 175 S.W.2d 768; In re Pate, 232 Mo.App. 478, 119 S.W.2d 11; Id., Mo. App., 107 S.W.2d 157.

We have concluded that the action of the regular judge in proceeding to hear and determine this motion did not present a question of jurisdiction in its technical sense but was a matter of error, and not having been objected to at the time, was waived. Brinkerhoff–Faris Trust & Savings Co. v. Gaskill, 356 Mo. 61, 201 S.W.2d 274; Little Tarkio Drainage District No. 1 v. Richardson, 237 Mo. 49, 139 S.W. 576.

The Tarkio Drainage District case is very similar to the case at bar upon the facts and the decision therein should be conclusive here. The plaintiff in that suit sought to obtain a decree organizing a drainage district and the assessment of damages and benefits. A change of venue was granted on account of the prejudice of the judge and another circuit judge was called in. This judge held a hearing and entered a decree incorporating the district. Thereafter the regular judge proceeded to appoint commissioners to assess damages and benefits. The commissioners filed their report and said regular judge heard the evidence on the exceptions filed to said report. The appellants made no objection to the action of the regular judge in proceeding with the case until the taking of evidence on the exceptions was concluded. The Supreme Court held that the regular judge had no authority to proceed further in the case after sustaining the motion for change of venue and calling in another judge. The court went further, however, and held that since no timely objection was made to the authority of the disqualified judge to act, the appellants waived their right to complain of the action of said judge and the court would not interfere for the purpose of restoring them to their lost rights. Other cases indicating that parties may waive their right to complain of matters of this nature are, Stearns v. St. Louis & S. F. Ry. Co., 94 Mo. 317, 7 S.W. 270; Taylor v. Atlantic & Pacific Railroad Co., 68 Mo. 397; Big Tarkio Drainage Dist. v. Voltmer, 256 Mo. 152, 165 S.W. 338; State ex rel. Dilliner v. Cummins, 338 Mo. 609, 92 S.W.2d 605; State v. Perkins, 339 Mo. 27, 95 S.W.2d 75; and State v. Bailey, 344 Mo. 322, 126 S.W.2d 224.

In reaching our conclusion we have not overlooked the recent case of State ex rel. Ellis v. Creech, Mo.Sup., 259 S.W.2d 372. In that case the regular judge disqualified and the Supreme Court transferred another circuit judge to hear the case. The special judge tried the case and entered a decree. The cause was appealed to the Supreme Court and while the appeal was pending one of the parties caused certain real estate involved in the case to be advertised for sale under the terms of a trust deed. The regular judge made an order, in chambers, granting a temporary injunction restraining the foreclosure. The Supreme Court held that the regular judge had no authority to make the order granting a temporary injunction and it was ordered dissolved.

It will be noted that in the Creech case there was no question of waiver. It does not appear that the defendant in that case had any notice that plaintiff would seek the temporary injunction or was present when same was granted. In other words, there is nothing in the opinion to indicate that the defendant had an opportunity to object and failed to avail herself thereof. Therefore, we have concluded that our decision herein is not in conflict with the ruling of the Supreme Court in the Creech case.

The action of the trial court in overrul-ing the motion to quash should be affirmed. It is so ordered.

BENNICK, P. J., and ANDERSON, J., concur.