**STATE of Missouri ex rel. Vivian M. LAFFOON, Plaintiff-Respondent,**

**v.**

**Hon. Mark A. YOUNGDAHL, Judge of the Municipal Court of the City of St. Joseph, Missouri, Defendant-Appellant.**

No. 24228.

Kansas City Court of Appeals.

Missouri.

April 5, 1965.

Motion for Rehearing and for Transfer to Supreme Court Denied June 7, 1965.

Application to Transfer Denied July 12, 1965.

Richard W. Mason, Jr., City Atty., St. Joseph, for defendant-appellant.

Kranitz & Kranitz, St. Joseph, for plaintiff-respondent.

HUNTER, Judge.

Vivian M. Laffoon, respondent, was charged with violating on December 5, 1963, two traffic ordinances of the City of St. Joseph; namely, careless driving by driving with view obstructed, and failure to yield right of way to an emergency vehicle. The case was docketed for trial in the Municipal Court of St. Joseph on December 9, 1963, and was continued to December 18, 1963.

On December 12, 1963, Laffoon filed a motion titled "Application and Affidavit for a Change of Venue" requesting a change of venue for the reason "that the affiant Vivian M. Laffoon, defendant * * * cannot have a fair and impartial trial before the said Judge on account of his bias or prejudice." No evidence was presented in support of the application and on December 18, 1963, Judge Mark A. Youngdahl, appellant, overruled the motion and set the case for trial.

Respondent Laffoon then filed a petition in the Circuit Court of Buchanan County for an alternative writ of mandamus or in the alternative for a writ of prohibition. The cause was submitted on the pleadings and the circuit court ruled in favor of Laffoon, issuing its judgment of peremptory mandamus ordering Judge Youngdahl to disqualify himself in the municipal court case and to "transfer the said cause as provided in Rule 37.90 and 37.91 of the Supreme Court * * *." This appeal followed.

The sole question presented by the parties on this appeal is whether Civil Rule 37.90, V.A.M.R. gives the Municipal Court of St. Joseph discretion in ruling on a disqualification application and affidavit alleging prejudice of the judge or whether that rule requires the municipal court judge to disqualify whenever such an application and affidavit is filed.

Civil Rule 37.90 provides: "Judge, Disqualification—In any case pending in any municipal court, the judge thereof shall be deemed incompetent and disqualified to hear and try the case when he is in anywise interested or prejudiced. The judge, of his own initiative, may enter an order disqualifying himself; and he may also disqualify himself under the provisions of this rule if, before the jury is sworn or the trial is commenced, the defendant or the prosecutor files an affidavit that the defendant or the municipality as the case may be, cannot have a fair and impartial trial by reason of the interest or prejudice of the judge or for other grounds provided by law. Only one such affidavit shall be filed by the same party in the case and such affidavit shall be made as to only one of the judges of said court."

■ Our function is to ascertain the intent of the Supreme Court as expressed in Civil Rule 37.90. In so doing we may resort to the usual rules that are considered to be aids in ascertaining legislative intent—i. e., the intent of the body that promulgates the particular rule to be interpreted and applied. The plain, obvious and rational meaning of the language used is always to be preferred over any other, and certainly the Supreme Court in enacting the rule is to be presumed to have had full knowledge of existing relevant conditions and to have expressed itself in the light of those conditions.

Our study of Civil Rule 37.90 has led us to the conclusion that the municipal court judge does have a sound judicial discretion to exercise when the defendant or prosecutor files an affidavit that the defendant or the municipality, as the case may be, cannot have a fair and impartial trial by reason of the prejudice of the judge, and that Civil Rule 37.90 does not divest the municipal court judge of such discretion and require him in every instance to disqualify himself upon the filing of such affidavit.

■ Our reasons for the above expressed interpretation of Civil Rule 37.90 are several. We think the language used in that rule clearly expresses the intention that the municipal court judge have discretion in ruling on an affidavit of disqualification for alleged bias or prejudice. The rule states the judge "*may* * * * disqualify himself * * *" upon the filing of the affidavit. (Emphasis ours.) It does not say he *shall* disqualify himself upon such filing. The word "may" has the well established meaning of granting discretion. As stated in 82 C.J.S. Statutes § 830a, page 877: "As a general rule the word 'may,' when used in a statute, is permissive only, and operates to confer discretion, especially where the word 'shall' appears in close juxtaposition in other parts of the same statute." Webster's Third New International Dictionary (unabridged) defines "may" as "have permission to * * * used nearly interchangeably with *can*."

It is noteworthy that Civil Rule 37.91 provides: "Judge, Disqualification—Another Judge. Whenever a judge is disqualified, said judge shall forthwith make an order transferring and removing the case to another judge authorized by law to hear such case." Thus, in companion Rule 37.91 the Supreme Court used the word "shall" when

it meant to grant no discretion, and we conclude it would have used "shall" instead of "may" in Rule 37.90 if it had meant to grant no discretion.

Comparison of the language used in other rules concerning the disqualification of magistrates and circuit judges also illustrates that when no discretion is intended the word "shall" is used rather than the word "may". For example, Civil Rule 22.05 (magistrate) provides, "The defendant shall be entitled to a change of venue * * * if he shall * * * file an affidavit * *." Civil Rule 30.12 (circuit court judge) reads: " * * * The judge shall be disqualified * * * if * * * the defendant or the prosecuting attorney shall file an affidavit * * *." Civil Rule 51.03(b) (circuit court judge) states, "If it shall be alleged * * * that the judge is interested or prejudiced * * * the court shall call in another circuit judge * * *." To the same effect see, Civil Rule 51.06(a) and 51.07, and Sections 98.320(3), 98.023, V.A.M.S.; State v. Mitts, Mo.Sup., 29 S.W.2d 125; State v. Irvine, Mo.Sup., 72 S.W.2d 96.

 It is well known and we take judicial notice of the fact that throughout the state of Missouri at the time Civil Rule 37.90 was promulgated there were many municipalities for which there was no provision for a substitute judge in the event the municipal court judge is disqualified. Without undertaking to answer, we pose the question of what would become of those cases where the only municipal court judge is disqualified? See, City of Ava v. Yost, Mo.App., 375 S.W.2d 884. Additionally, the party alleging prejudice, if he loses his case in the municipal court by appealing can obtain a trial de novo in the circuit court. Considerations such as these were undoubtedly before the Supreme Court when it promulgated Civil Rule 37.90 and may be at least a part of the reason why in single judge municipal court jurisdictions the municipal court judge was not required by the rule to disqualify on the mere filing of an affidavit of prejudice.

It is essential to the issuance of a writ of mandamus that the plaintiff or relator have a clear and certain legal right to the relief or remedy sought by the writ. Having reached the conclusion that Judge Youngdahl had a sound discretion to exercise when presented with the affidavit for a change of venue (more accurately, for a change of judge) and in the absence of any showing that he abused that discretion, we are constrained to rule respondent had failed to establish a legal right to the relief sought by the writ and that the circuit court erred in its judgment ordering Judge Youngdahl to disqualify and to transfer the case.

Accordingly, the judgment is reversed.

All concur.