STATE of Missouri ex rel. James Darwin HUTSON, Plaintiff,

v.

The Honorable Flake L. McHANEY, Circuit Judge, Thirty-fifth Judicial Circuit, Defendant.

No. 12589.

Missouri Court of Appeals, Southern District, Division Three.

Feb. 23, 1982.

C. H. Parsons, Jr., Parsons, Mitchell & Wilson, P. C., Dexter, for plaintiff.

James E. McGhee, Bloomfield, for defendant.

MAUS, Chief Judge.

By his petition the plaintiff Hutson seeks to prohibit the defendant, Honorable Flake L. McHaney, from sustaining the motion of the State of Missouri for a change of judge in a criminal case pending before the defendant. The petition and answer thereto have raised only an issue of law and the case has been submitted upon the pleadings for a determination of that issue.

The pleadings present the following factual background. Hutson was charged with capital murder in the Circuit Court of Stoddard County. On August 5, 1981, upon the application of Hutson, the case was transferred to the Circuit Court of Dunklin County. Stoddard County and Dunklin County are in the 35th Judicial Circuit and the defendant is the circuit judge for that circuit. On August 12, 1981, the case was set for trial on December 10, 1981, in the Circuit Court of Dunklin County. On December 2, 1981, the state by the prosecuting attorney of Stoddard County, filed a motion for a change of judge. The motion alleged the defendant was disqualified because the state could not receive a fair trial by reason of the bias and prejudice of the defendant. The motion was supported by the affidavit of the prosecuting attorney to that effect. The motion was taken up without an evidentiary hearing. The trial court entered an order tantamount to finding that in fact the trial judge was not biased or prejudiced but nevertheless, because of the motion and affidavit in support of the motion, the court was required to grant the change of judge. The precise question is whether or not in December, 1981, the state was entitled to a peremptory change of judge by reason of the motion supported by the affidavit.[1]

---

1. As used in this opinion, the term "peremptory change of judge" refers to a change of judge granted as a matter of right solely upon the

basis of an application therefor as distinguished from a change of judge granted upon the basis of a cause for disqualification admit-

The answer to this question will be of limited application because the pertinent rule effective January 1, 1982, expressly provides for a peremptory change of judge upon application "by any party". Rule 32.-07. See Annot., Judges—Disqualification—By Prosecution, 68 A.L.R.3d 509 (1976).

This question is presented with the following background of statutes, rules and decisions. The pertinent statutes specifying the reasons for disqualification of a judge and the mechanics for obtaining a change of judge in a criminal case in the circuit court were § 545.660 and § 545.670, RSMo 1949.[2] Section 545.660 declared the judge to be disqualified for four reasons.[3] The fourth is "[w]hen the defendant shall make and file an affidavit, supported by the affidavit of at least two reputable persons, not of kin to or counsel for the defendant, that the judge of the court in which said cause is pending will not afford him a fair trial". § 545.660.4. Among other things, § 545.670 provided that upon the defendant's application for a change of venue supported by the affidavit of two or more reputable persons "to the truth of the allegations in such application for a change of venue, for any of the reasons stated in section 545.660, it shall be lawful for the judge to hear and determine such application ...". However, neither § 545.660 or § 545.670 made any specific provision for an application for a change of judge on behalf of the state. Nevertheless, it was held that when a basis for disqualification under the statute is "either admitted or proven", a judge could be prevented from sitting by the state's prosecuting officer. *State ex rel. McAllister v. Slate*, 278 Mo. 570, 214 S.W. 85 (banc 1919). If the basis for disqualification was admitted, the judge

could disqualify himself. *State v. Huett*, 340 Mo. 934, 104 S.W.2d 252 (1937). If the basis for disqualification was not so admitted, it has been held a proper remedy is prohibition. *State ex rel. Renfro v. Wear*, 129 Mo. 619, 31 S.W. 608 (banc 1895); *State ex rel. McAllister v. Slate*, supra.

This court has been cited to no authority holding that under these statutes, the state was entitled to a peremptory change of judge. It has been observed " '[t]he right to a change of venue, including objections to the judge, is a statutory privilege ...' ". *Reeves v. Moreland*, 577 S.W.2d 125, 130 (Mo.App.1979). Also see *State v. Perkins*, 339 Mo. 27, 95 S.W.2d 75 (banc 1936). It is true that §§ 545.660 and 545.670 have been construed to give the defendant the right to a peremptory change of judge upon an application made in compliance with the provisions of those statutes. *State v. Mitts*, 29 S.W.2d 125 (Mo.1930); *State v. Bryant*, 24 S.W.2d 1008 (Mo.1930). It has been held the circuit judge against whom the application is directed has authority to determine if the application, including the execution of the affidavits, is in due form and filed in due time, but otherwise has no discretion except to "make such orders as may be necessary in substituting another judge in his place ...". *State v. Mitts*, supra, 29 S.W.2d at 126. Also see *Thompson v. Sanders*, 334 Mo. 1100, 70 S.W.2d 1051 (banc 1934); *State v. Lawson*, 352 Mo. 1168, 181 S.W.2d 508 (1944) and *State v. Creighton*, 330 Mo. 1176, 52 S.W.2d 556 (1932).[4] However, these statutes which prescribe with particularity the application by which a defendant could obtain a change of judge contain no similar provisions for an application by the state. That §§ 545.660 and 545.670 do not give the state a peremptory

---

ted or proved. See *State ex rel. O'Brien v. Murphy*, 592 S.W.2d 194 (Mo.App.1979); *City of St. Louis v. Boos*, 503 S.W.2d 133 (Mo.App. 1973).

**2.** Sections 545.670 and 545.680 have been repealed. Laws of Missouri 1959, S.B. 245 § 2.

**3.** Rule 2 Canon 3 C sets forth the circumstances in which a judge should disqualify himself.

**4.** The same is true under applicable rules. "When no issue is raised or determined adversely to defendant in a criminal case as to the timeliness, form or sufficiency of his applications and supporting affidavits, the duty of the judge to grant the change of venue and disqualification is mandatory and he exceeds his jurisdiction when he refuses to do so and subjects himself to superintending control by way of prohibition." *State ex rel. Oswald v. Buford*, 518 S.W.2d 690, 691 (Mo.App.1975).

change of judge is supported by decisions holding that in the absence of compliance with the formalities prescribed by those sections, the defendant has no such right. "These two sections relate to the disqualification of the judge of the court in criminal causes. If the statute is complied with, the judge must disqualify himself. On the other hand, he must deny the application where it does not comply with the statute." *State v. Bryant,* supra, 24 S.W.2d at 1010. Also see *Osborne v. Purdome,* 244 S.W.2d 1005 (Mo.banc 1951) and *State ex rel. Wendt v. Journey,* 492 S.W.2d 861 (Mo.App. 1973) dealing with the right to a change of judge in criminal contempt proceedings, and *State ex rel. Laffoon v. Youngdahl,* 391 S.W.2d 605 (Mo.App.1965) dealing with the limitations upon the right to a change of judge in municipal court proceedings. Insofar as the right of the state to a change of judge under § 545.660 is concerned, the law has been appropriately summarized. "But there, under the existing statute, the judge's prejudice was a question of fact. The change-of-judge statute ... allowed the defendant but not the state to have a change of judge upon affidavits; the state was held to be entitled to a change of judge only when the judge's interest or prejudice was 'either admitted or proven'". *State ex rel. McNary v. Jones,* 472 S.W.2d 637, 642 (Mo.App.1971).

Without reviewing the complete history of the rules dealing with the subject, it is sufficient to note that effective May 15, 1957, then Rule 30.12 was amended to give the state the right to a peremptory change of judge upon the affidavit of the prosecuting attorney. *State ex rel. McNary v. Jones,* supra. Thereafter, the Supreme Court adopted an order dated June 13, 1979. Paragraph 1 of that order provided, among other things, that effective January 1, 1980, Supreme Court Rule 30 entitled "Change of Venue and Disqualification of Judge" was repealed. Paragraph 15 of that order provided that "a new Supreme Court Rule 32

entitled 'Misdemeanors or Felonies—Venue, Including Change of Venue and Change of Judge—Disability of Judge' is adopted effective January 1, 1980". However, on November 21, 1979, the Supreme Court entered an order that the effective date for Rule 32 adopted pursuant to the court's order of June 13, 1979, be suspended so that Rule 32 will not become effective January 1, 1980 and "[i]t is further ordered that the effective date of Rule 32 is suspended until further order of this court . . . ." As heretofore noted, current Rule 32 dealing with the subject did not become effective until January 1, 1982. Therefore, in December, 1981, there was no rule providing for a change of judge applicable to this case.

However, § 545.660 has not been repealed by an act of the legislature. Rule 30 insofar as it was inconsistent with § 545.-660 prevailed over or superseded, but did not repeal, that statute. *State v. King,* 380 S.W.2d 370 (Mo.1964); *State ex rel. Bone v. Adams,* 365 Mo. 1015, 291 S.W.2d 74 (banc 1956). Compare Rule 19.02.[5] Further, "[i]f no procedure is specially provided by rule, the court having jurisdiction shall proceed in a manner consistent with judicial decisions or applicable statutes." Rule 19.04. Upon the repeal of the rules inconsistent therewith, § 545.660 was applicable. As heretofore noted, under the statute, the state was entitled to a change of judge only for a cause for disqualification "admitted or proven". The trial court determined it was not biased or prejudiced against the state. It has not been proven otherwise. The order entered granting the state a peremptory change of judge was improvidently entered. The preliminary order issued by this court is made permanent. Following the authority of *State ex rel. Spec. Foam Products v. Keet,* 579 S.W.2d 650 (Mo.App. 1979), the order granting the state a peremptory change of judge is set aside.

BILLINGS, P. J., and TITUS and FLANIGAN, JJ., concur.

5. Art. 5, § 5 as amended August 3, 1976, provides Supreme Court rules "shall have the force and effect of law". See § 1.150. However, even assuming such a rule could repeal a statute, former Rule 30 was not in such irreconcilable conflict with § 545.660 to repeal the same by implication. *Riley v. Holland,* 362 Mo. 682, 243 S.W.2d 79 (1951).