**STATE of Missouri, Plaintiff–Respondent,**

v.

**Charles PURDY, Jr., Defendant–Appellant.**

No. 54897.

Missouri Court of Appeals, Eastern District, Division One.

March 14, 1989.

Harold E. Horsley, Jr., Ballwin, for defendant-appellant.

Timothy M. Joyce, Pros. Atty., Warrenton, for plaintiff-respondent.

---

REINHARD, Judge.

Defendant appeals after he was convicted by a jury of driving with a revoked license, § 302.321, RSMo 1986, and sentenced in accordance with the jury's assessment to 30 days' imprisonment plus a fine. We affirm.

Defendant contends the state did not make a submissible case. Our review of submissibility is limited to determining whether there was sufficient evidence from which reasonable persons could find defendant guilty as charged. *State v. Stanback,* 719 S.W.2d 896, 897 (Mo.App.1986).

█ The state's case came from two sources. First, a highway patrol officer testified he saw defendant driving his vehicle over the center line in Warren County on June 2, 1986, and after running a computer check, gave defendant a ticket for "driving while revoked." Second, the state introduced defendant's Department of Revenue records which revealed that his license had been revoked for 12 months beginning March 12, 1986. Counsel for defendant stated affirmatively that he had no objection to the admission of the records. The records revealed that notice of revocation had been sent to defendant. These facts are sufficient to support a conviction.

█ At trial, defendant's defense was that he had never received notice of the revocation, the notice having been sent to the wrong address. He contended he notified the director of his changed address. This was a factual issue well argued to the jury and resolved against defendant. His sole basis on appeal for claiming that the evidence was insufficient is that "the conviction by the municipal court of Crystal City was invalid...." This is a collateral attack on prior conviction and cannot be considered for the first time on appeal. *State v. Reid,* 391 S.W.2d 200, 205–6 (Mo. 1965).

█ Defendant's second point is that the trial judge erred in hearing the case after he had previously disqualified himself. The record reveals that on October 8, 1986, Judge Hodge entered the following order: "Judge disqualified. Supreme Court requested to appoint Special Judge." Nothing in the record indicates that either Judge Hodge or the Supreme Court took any further action to appoint a special judge. Apparently, Judge Hodge made the disqualification order under Rule 32.10 which provides in pertinent part:

If the judge is related to any defendant or has an interest in or has been counsel in the criminal proceedings or disqualifies himself for any other reason:

. . . .

(b) If the case is being heard by the only circuit judge in the circuit, or by an associate circuit judge after the disqualification of the only circuit judge in the circuit, then the judge shall request this Court to transfer a judge.

(Judge Hodge is the only circuit judge in the 9th Judicial Circuit.)

The trial of this case began on December 17, 1987, with Judge Hodge presiding. Cases hold that a disqualified trial judge may rule on matters he has under submission at the time of the disqualification, but that he has no further authority in a case. *State ex rel. Johnson v. Mehan,* 731 S.W. 2d 887, 888 (Mo.App.1987). Nothing in the record indicates Judge Hodge had any matters under submission when he disqualified himself. After disqualification, a judge has no jurisdiction. *Id.* Some cases have gone on to say that any actions taken after the disqualification are void. *Byrd v. Brown,* 613 S.W.2d 695, 700 (Mo.App.1981).

The state argues that defendant was not prejudiced and that by acquiescing in and not objecting to Judge Hodge's participation, defendant waived the objection. Our more recent cases would indicate that once the disqualification order is entered, the trial judge is prohibited from any further action in the case other than ruling on matters already under submission. We have used the terms "void" and "no jurisdiction." We note, however, that in *Byrd,* the leading case on the issue of a court's authority after disqualification, the court in reference to further acts being void stated in a footnote, "... this court need not consider whether or not a judge may under any circumstances revoke his self-disquali-

fication. *See State ex rel. Mosshammer v. Allen, Superior Court No. 3,* 246 Ind. 366, 206 N.E.2d 139 (1965), 46 Am.Jur.2d *Judges,* § 234, p. 256."[1]

None of our cases which talk in terms of no jurisdiction and void orders consider the effect of a judge setting aside the disqualification or the parties waiving their objection to the judge's further participation. In *State v. Perkins,* 339 Mo. 27, 95 S.W.2d 75 (1936), the court said

If a defendant, with consent of the court and prosecuting attorney, may waive the right to a change of venue from the county, after the change has been granted, no logical reason can be advanced why the right to a change from the judge cannot be waived after the change has been granted. There is no difference in principle.

*Id.* 95 S.W.2d at 77. In so holding the court said a defendant's right to disqualify a judge is not a constitutional right, but rather a statutory privilege which may be waived before or after the order is entered. *Id.* 95 S.W.2d at 76.

In *State v. Harmon,* 243 S.W.2d 326 (Mo.1951), the Supreme Court said "a defendant in a criminal case may expressly or by acts and conduct waive statutory and constitutional provisions conferred for his protection ... [including the] right to disqualify a judge...." *Id.* at 328.

In *Prather v. Prather,* 263 S.W.2d 57 (Mo.App.1953), the regular judge was disqualified in a divorce case. A special judge heard the case, but the disqualified judge heard and ruled on a motion to quash an execution arising out of the divorce. We held the regular judge should not have heard the motion because it was not an independent proceeding, but rather was an adjunct to the original case. However, we held "that the action of the regular judge in proceeding to hear and determine this

motion did not present a question of jurisdiction in its technical sense but was a matter of error, and not having been objected to at the time, was waived." *Id.* at 59.

Support for our holding in *Prather* was found in *Little Tarkio Drainage District No. 1 v. Richardson,* 237 Mo. 49, 139 S.W. 576 (1911). There a regular judge was disqualified in a case seeking to establish a drainage district. The regular judge, however, presided over a related case wherein commissioners were appointed to assess damages to landowners resulting from the construction of the drainage district. After the judge heard evidence on the landowners' exceptions to the commissioner's report, the landowners, for the first time, objected to the judge's participation.

After concluding the judge was without jurisdiction to appoint commissioners and hear the exceptions, the Supreme Court noted:

Our reports are full of cases holding that parties to actions may by their conduct in the circuit court waive their rights to insist upon a change of venue granted or refused, and when so waived, this court will not interfere for the purpose of restoring them to their lost right.

We therefore hold that appellants are in no position to complain of the action of Judge Ellison in appointing the commissioners or in hearing the exceptions made to their report.

*Id.* 139 S.W. at 582.

▮ In reading these cases, it is apparent to us that a judge who disqualifies himself or who has been disqualified by one of the parties has no further right to hear the case. This is consistent with the holdings in our recent cases. However, it is also apparent to us that under the long established rule in this state, and apparently most other states, parties can waive the

1. In the *Allen* case, the Indiana Supreme Court said:

The question then is: May a judge who has disqualified himself, before another judge has been designated and has succeeded him as a special judge, rescind his action and reassume jurisdiction? Jurisdiction has many different concepts. A solution cannot be found in the

hackneyed expression "that once a change of venue has been granted, the judge loses jurisdiction", since there are many exceptions to such a rule. Jurisdiction cannot totally disappear, but it must reside someplace. There cannot be a void.

(Citations omitted.)

disqualification, expressly or by conduct, and that by doing so they cannot thereafter complain about the judge's participation.

Here there is nothing in the record to indicate either an objection or complaint by either counsel. It is apparent to us that defendant waived Judge Hodge's disqualification and is in no position to complain about his participation in the case.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.