**STATE of Missouri ex rel. Michael V. KING, Relator,**

v.

**Honorable Raymond T. HUESEMANN, Judge of the Circuit Court of St. Clair County, Respondent.**

**No. 16372.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 15, 1989.

Dan K. Purdy, Osceola, for relator.

J.D. Baker, Jeffrey L. Dull, Osceola, for respondent.

CROW, Presiding Judge.

This original proceeding in prohibition arises from the effort of Michael V. King ("relator") to obtain a change of judge in a proceeding brought by him under Rule 74.-05(c) [1] to set aside a decree of dissolution of marriage. The pertinent facts are undisputed.

On September 26, 1988, Dorothy Ellen King ("Dorothy") filed a petition in the Circuit Court of St. Clair County for dissolution of her marriage to relator, seeking custody of their three children and other relief.

Eleven days later the circuit court entered an order appointing Steven Mattas and Jim L. Powell as "special process servers" to serve summons on relator.

**1.** Rule references are to Missouri Rules of Civil Procedure (20th ed. 1989), except where otherwise indicated.

The reverse side of the summons issued to relator bears the following "return":

"I hereby certify that I served the within summons and the within attached copy of the petition on the respondent Michael Vernon King by ⸻

All done at my County of Greene on this 8 day of Oct, 1988.

s/Steven C Mattas and s/Jim L Powell D.S."

Relator filed nothing in the circuit court in response to the summons. On November 17, 1988, Dorothy and her lawyer appeared in circuit court before Honorable Raymond T. Huesemann, an associate circuit judge, and presented evidence. Relator failed to appear in person or by counsel. The judge entered a decree that date dissolving the marriage of Dorothy and relator, granting Dorothy custody of the children, and awarding her additional relief.

On April 7, 1989, relator filed a motion in the circuit court to set aside the decree per Rule 74.05(c) which provides:

"Upon motion stating facts constituting a meritorious defense and for good cause shown, ... a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process...."

On April 27, 1989, relator filed an amended motion to set aside the decree, together with an application for change of judge from Judge Huesemann ("respondent").

On May 9, 1989, the application for change of judge was presented to respondent. Six days later respondent dispatched a letter to the lawyers for relator and Dorothy expressing respondent's intention to deny the application May 19, 1989.

Relator promptly filed a petition for writ of prohibition with us, averring that his amended motion under Rule 74.05(c) to set aside the dissolution decree "is in the nature of an independent proceeding," consequently he is entitled to a change of judge. Relator prayed that we command respondent "to desist from further proceedings in said action."

We issued a preliminary order barring respondent from further action in the underlying case until further order from us. Respondent filed an answer to relator's petition, and the parties thereafter filed timely briefs.

Relator and respondent agree that the question of whether relator is entitled to a change of judge in the underlying case is governed by Rule 51.05, which provides in pertinent part:

"(a) A change of judge shall be ordered in any civil action upon the filing of a written application therefor by any party or by his agent or attorney....

(b) The application must be filed within thirty days after the answer is due to be filed if the trial judge is designated at the time the answer is due...."

Respondent states, and relator implicitly agrees, that by rule of the Circuit Court of St. Clair County, all actions for dissolution of marriage are automatically assigned to respondent at time of filing, therefore respondent was the designated trial judge at the time relator's answer to Dorothy's petition for dissolution of marriage was due.[2] Obviously the 30–day period that commenced running the date relator's answer was due had long since passed when relator filed his application for change of judge April 27, 1989.

Relator insists, however, that his proceeding under Rule 74.05(c) to set aside the dissolution decree is a separate "civil ac-

---

**2.** One of relator's contentions is that the "return" purporting to show service of summons on him October 8, 1988, failed to satisfy the requirements of Rule 54.20(a)(2), Missouri Rules of Civil Procedure (19th ed. 1988), as to proof of service, hence the circuit court never acquired personal jurisdiction over him in the underlying case. Relator cites *See v. Nesler,* 692 S.W.2d 7 (Mo.App.1985), in support of that the-

sis. As jurisdiction was lacking, says relator, no answer has yet become due from him in the underlying case, thus his application for change of judge was timely. As shall appear *infra* it is unnecessary to decide that question in this prohibition action, and we express no opinion on the validity of the return, an issue the circuit court may have to decide in adjudicating relator's motion to set aside the dissolution decree.

tion" within the meaning of Rule 51.05(a), quoted *supra,* hence a new right to a change of judge arose when he commenced that proceeding. Relator likens his motion to set aside the decree to a motion for modification of a dissolution decree.

In *Hayes v. Hayes,* 363 Mo. 583, 252 S.W.2d 323 (1952), the parties were divorced in 1949; the father was awarded custody of two children. Two years later the mother filed a motion to modify as to custody. The father filed an answer and a cross-motion seeking modification of custody. The mother applied for a change of judge, which was denied. Upon trial of the motions for modification the mother's motion was denied and the father's motion was granted in part. On appeal the mother assigned error in the denial of her application for change of judge. At that time the right to a change of judge was conferred by § 508.090, RSMo 1949, which allowed a change of judge "in any civil suit." The father argued that a motion to modify a divorce decree was not a civil suit within the meaning of the statute, being merely an ancillary or supplemental proceeding. 252 S.W.2d at 325.

Rejecting that contention, the Supreme Court declared that the term "civil suit" meant a proceeding by which rights of private individuals are protected or enforced, and that the term "civil suit" in the change of judge statute should be given its most encompassing meaning if thereby the obvious purpose of the statute may be accomplished. *Id.* at 327. The Supreme Court noted, among other things, that a motion to modify a divorce decree is an independent proceeding, the motion is treated as a petition in an original action, the motion must state a claim upon which relief may be granted, proper notice of the motion must be given the adverse party, the existing decree is final and cannot be disturbed except upon a proceeding and hearing for such purpose, and a motion to modify is not a mere adjunct to the original proceeding, nor does it relate simply to the manner in which the decree shall be given its proper

effect. *Id.* at 327–28. Consequently, held the Supreme Court, a motion to modify a divorce decree is a civil suit within the meaning of the change of judge statute, thus the wife's application for change of judge should have been granted. *Id.* at 328–29.

Similar logic was applied in *State ex rel. Brault v. Kyser,* 562 S.W.2d 172 (Mo.App. 1978), which arose from an action by a juvenile officer to terminate parental rights. The mother of the subject children, who had earlier been granted a change of judge in a neglect proceeding involving the same children and bearing the same case number as the termination proceeding, made application for a change of judge in the termination proceeding. The trial judge denied the application. The mother then commenced a prohibition proceeding in the Western District of this Court to bar the trial judge from further action in the termination proceeding. The Western District held that the termination proceeding raised a new issue and sought distinctly different relief than the neglect proceeding, consequently the termination proceeding was a new and different civil action within the meaning of Rule 51.05 and permitted a fresh application for change of judge. *Id.* at 174[1]. The trial judge was prohibited from taking any action other than granting the mother's request for change of judge. *Id.* at 175.

It is also significant, we think, that in an action by a prisoner under former Rule 27.26 [3] to set aside a judgment in a criminal case the prisoner was entitled to a change of judge under Rule 51.05, Missouri Rules of Civil Procedure (10th ed. 1979). *State ex rel. Carver v. Whipple,* 608 S.W.2d 410, 412 (Mo. banc 1980).

Relator's objective in the underlying case is to set aside a decree entered in a civil action for dissolution of marriage. His motion is required by Rule 74.05(c) to plead facts constituting a meritorious defense. He must show good cause for vacating the

---

**3.** Rule 27.26 was repealed effective January 1, 1988. Missouri Rules of Court (19th ed. 1988), p. 142.

decree. Dorothy is entitled to reasonable notice of relator's motion, together with an opportunity to be heard on the issues raised therein. *Summers v. Clayton,* 500 S.W.2d 28, 30 (Mo.App.1973).

We have seen in *Hayes* that a motion to modify a divorce decree was held to be a "civil suit" within the meaning of § 508.090, RSMo 1949, thereby entitling the moving party to a change of judge. We have further seen that in *Brault* a proceeding to terminate parental rights involving the same mother and children as an earlier neglect proceeding bearing the same case number was held to be a new and different civil action, thereby entitling the mother to a change of judge despite the fact she had already been granted one in the neglect proceeding. We have further seen that in *Carver* a prisoner seeking to set aside a conviction by motion under former Rule 27.26 was entitled to a change of judge per Rule 51.05.

■ Applying those holdings to relator's motion in the underlying case to set aside the dissolution decree per Rule 74.05(c), and bearing in mind that (1) relator's motion must satisfy the pleading requirements of Rule 74.05(c), (2) relator must, at an evidentiary hearing, establish good cause for setting the decree aside, and (3) Dorothy is entitled to reasonable notice and an opportunity to be heard on the issues raised by relator's motion, we hold that relator's motion to set aside the decree is a "civil action" within the meaning of Rule 51.05(a). It follows that relator was entitled to apply for a change of judge in the Rule 74.05(c) proceeding despite having failed to apply for one by the thirtieth day after his answer to Dorothy's petition for dissolution had become due.

The question remains, however, as to what the deadline was for relator's application for change of judge in the 74.05(c) proceeding. There is no provision in that rule requiring an answer to relator's motion, thus the deadline established by Rule 51.05(b) cannot apply.

In *DeBold v. State,* 772 S.W.2d 29 (Mo. App.1989), the Eastern District of this Court was called upon to decide whether a prisoner's application for change of judge in a proceeding under Rule 29.15, Missouri Rules of Criminal Procedure (19th ed. 1988), was timely. Pointing out that the State was not required to file an answer in the 29.15 proceeding, the Eastern District held that the prisoner's application for change of judge had to be filed within 30 days after designation of the trial judge. *Id.* at 30.

■ Relator's application for change of judge in the 74.05(c) proceeding was filed within 30 days after he filed his original motion to set aside the dissolution decree, thus the application for change of judge was obviously filed within 30 days after the designation of respondent as the judge in the 74.05(c) proceeding. On the authority of *DeBold* we hold that relator's application for change of judge in the 74.05(c) proceeding was timely.

■ If a judge fails to grant a timely application for change of judge he is without jurisdiction to proceed further in the case and prohibition lies. *State ex rel. Ford Motor Co. v. Hess,* 738 S.W.2d 147, 148 (Mo.App.1987). Our preliminary order in prohibition must therefore be made absolute.

In so deciding we do not overlook the three cases cited by respondent: *Dardick v. Dardick,* 661 S.W.2d 538 (Mo.App.1983); *Weinbaum v. Weinbaum,* 679 S.W.2d 384 (Mo.App.1984); and *Prather v. Prather,* 263 S.W.2d 57 (Mo.App.1953). *Dardick* held that a motion for maintenance, attorney fees and suit costs pendente lite is not a "civil action" within the meaning of that term in Rule 51.05(a), but is merely incidental to and engrafted on a dissolution proceeding. 661 S.W.2d at 540. *Weinbaum* reached the same result regarding a motion for attorney fees and costs on appeal from an order in a proceeding to modify a dissolution decree. 679 S.W.2d at 391. *Prather* held that a motion to quash an execution to collect a judgment for alimony pendente lite and attorney fees in a divorce case is not an independent proceeding but is instead an adjunct to the divorce case. 263 S.W.2d at 58–59.

In our view relator's proceeding under Rule 74.05(c) in the underlying case is more akin to the actions in *Hayes, Brault,* and *Carver* than to those in *Dardick, Weinbaum* and *Prather.* Missouri courts adhere to a rule of liberal construction in favor of the right of a litigant to disqualify the judge. *State ex rel. Horton v. House,* 646 S.W.2d 91, 93 (Mo. banc 1983).

Our preliminary order in prohibition is made absolute. Respondent is prohibited from taking any further action in the underlying case except the action specified in Rule 51.05(e).

HOLSTEIN, C.J., and GREENE, J., concur.