

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| LARRY KINMAN, ET AL., | ) | No. ED113380 |
| | ) | |
| Appellants, | ) | Appeal from the Circuit Court |
| | ) | of Knox County |
| v. | ) | Cause No. 23KN-CC00070 |
| | ) | |
| CHRISTOPHER DONAHOO, | ) | Honorable Corey R. Moon |
| | ) | |
| Respondent. | ) | Filed: July 1, 2025 |

Larry and Stacie Kinman ("Grandparents") appeal the circuit court's judgment setting aside the default judgment against Christopher Donahoo ("Father"), sustaining Father's motion for a change of judge, and dismissing the underlying petition. Grandparents argue that the motion for change of judge should have been overruled because a motion to set aside a default judgment is not an independent action and, therefore, the motion for change of judge was untimely. Because a motion to set aside a default judgment is an independent action, the circuit court properly granted the change of judge. The judgment is affirmed.

## Background

In July 2018, an Iowa court dissolved Ashley Donahoo ("Mother") and Father's marriage. The court awarded Mother custody of their minor child. Despite the Iowa dissolution, Child resided with Grandparents in Missouri since May 2017.

In November 2023, Grandparents filed a petition in the Circuit Court of Knox County, Missouri to intervene as third-party custodians and to be granted custody of Child. Father did not answer or otherwise respond to Grandparents' petition. Grandparents then filed a motion to transfer jurisdiction over Child from Iowa to Missouri, which the circuit court granted. In April 2024, the circuit court entered a default judgment, sustaining Grandparents' motion to modify Child's custody after Father failed to appear.

In August 2024, Father requested to take Child on vacation, and Grandparents agreed. Grandparents believed Father would return Child to them. Instead, Father took Child to Iowa and informed Grandparents that Child would remain with him there.

On August 19, 2024, Grandparents filed a motion for family access in the circuit court of Knox County. On September 6, 2024, Father filed a motion for change of judge, a motion to set aside the prior default judgment, and a motion to dismiss. The circuit court sustained the motion for change of judge. The new judge entered a judgment, setting aside the default judgment and dismissing the case. Grandparents appeal,[1] claiming the circuit court erred by granting Father's motion for a change of judge.

---

[1] A notice of appeal must be filed within ten days after the judgment being appealed from becomes final. Rule 81.04(a). Grandparents notice of appeal was filed on February 28, 2025, and indicated they were appealing from the "judgment/decree/order" entered on February 25, 2025, and they attached the relevant docket sheets to their notice of appeal.

On March 17, 2025, this Court issued an order to show cause as to why this appeal should not be dismissed for lack of a final, appealable judgment because the docket entry was not denominated as a judgment nor signed by a judge as required by Rule 74.01(a). The circuit court issued its signed judgment on March 17, 2025.

Grandparents' notice of appeal was premature. However, "[i]n any case in which a notice of appeal has been filed prematurely, such notice shall be considered as filed immediately after the time the judgment becomes final for the purpose of appeal." Rule 81.05(b).

Grandparents do not appeal the substantive reasons underlying the circuit court's grant of the motion to dismiss.

2

**Analysis**

*Standard of Review*

This Court reviews a motion for change of judge *de novo*. *Int. of K.A.C.*, 669 S.W.3d 353, 354 (Mo. App. 2023). When there is a timely filed application for change of judge, the circuit court's authority is limited to granting the application. *Fed. Home Loan Mortg. Corp. v. Pennington-Thurman*, 598 S.W.3d 901, 903 (Mo. App. 2020).

*Point One*

Grandparents claim the circuit court erred in sustaining Father's motion to change judge because Father's motion for change of judge was untimely. They argue "a motion to set aside [a] default judgment is not an independent civil action" triggering a right for change of judge under Rule 51.05. This argument is incorrect.

Rule 51.05 permits any party to take a change of judge, without need to show cause, upon timely application. To be timely, "[t]he application must be filed within 60 days from service of process or 30 days from the designation of the trial judge, whichever time is longer." Rule 51.05(b). Grandparents argue that, because a motion to set aside a default judgment is filed under the same case number as the original action and no new process must be served, the timeline for a motion for change of judge relates back to the original action. If this argument were accepted, it would effectively eliminate the Rule 51.05 motions in the context of a motion to set aside default judgment.

A motion to set aside a default judgment is, however, an independent action. Rule 74.05(d); *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 687 (Mo. banc 2007); *see also Roberts v. Roberts*, 580 S.W.3d 600, 604 (Mo. App. 2019) (explaining a motion to set aside a default judgment "is treated as an independent proceeding …."). "Even though it is filed in the same

3

case number as the underlying judgment being challenged, a motion to set aside under these rules is in the nature of an independent proceeding." *Universal Credit Acceptance, Inc. v. Randall*, 541 S.W.3d 726, 730 (Mo. App. 2018).

Although a motion to set aside a default judgment does not require separate service of process, it does require designation of a trial judge. This Court held, in *State ex rel. King v. Huesemann*, 776 S.W.2d 488, 491 (Mo. App. 1989), that the date of filing of the motion to set aside a default judgment can be considered the date that the trial judge is designated. In *Huesemann*, the circuit court overruled a motion for change of judge following a Rule 74.05 motion because the circuit court believed the motion for change of judge untimely because it was due within thirty days of the answer in the original proceedings. However, the appellate court noted that the Rule 74.05 motion was an independent civil action and prohibited the circuit court from overruling a motion for change of judge filed within thirty days of the Rule 74.05 motion. *Id*. at 491. The court held that, being that the motion was filed within thirty days of filing, it must have been filed within thirty days of designation of the trial judge. *Id.*

Similarly, in this case, Father's motion to set aside the default judgment was an independent action that allowed him to file a motion for a change of judge. Rule 74.05(d). The timeliness of the motion for change of judge is determined from the date the Rule 74.05(d) motion is filed. Father filed his motion for change of judge on the same day as his motion to set aside the default judgment. Accordingly, Father timely filed his motion for change of judge because filing of a Rule 74.05(b) motion, a new independent action, effectively contemplates its filing as the date of designation of the trial judge.

When a timely application for change of judge is filed, the circuit court will "sustain a timely application for change of judge …." Rule 51.05(e). The circuit court did not err.

*Point Two*

Grandparents claim that if Father's motion for a change of judge were timely, a new judge should have been assigned to rule on the motion to set aside the default judgment and then, the case should have reverted back to the original judge for consideration of the original petition.

An appellant is obligated to cite appropriate and available authority to prevail on appeal. *Thummel v. King*, 570 S.W.2d 679, 687 (Mo. banc 1978). If there is no authority available, the appellant should explain the reason for its absence. *City of St. Robert, Missouri v. Clark*, 471 S.W.3d 321, 328 (Mo. App. 2015). "Where relevant authority is neither cited nor is there any explanation as to why authority is not available, 'the appellate court may be justified in considering the points abandoned and dismiss the appeal.'" *Carden v. Missouri Intergovernmental Risk Mgmt. Ass'n*, 258 S.W.3d 547, 556 (Mo. App. 2008) (quoting *Shiyr v. Pinckney*, 896 S.W.2d 69, 71 (Mo. App. 1995)).

Grandparents do not cite any law requiring a new judge to rule on the motion to set aside the default judgment and the original judge to adjudicate the original petition. Nor do Grandparents attempt to explain the reason for the absence of any authority for this point. Their failure to do so results in this point being abandoned.[2]

**Conclusion**

The circuit court's judgment is affirmed.

---

[2] Otherwise, this Court is presented with "'the dilemma of deciding that case ... on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency.' Appellate courts should not serve as an advocate for any party on appeal, and unfairness would inevitably result if the rule were otherwise." *Flavan v. Cundiff*, 83 S.W.3d 18, 28 (Mo. App. 2002) (quoting *Thummel*, 570 S.W.2d at 686).

John P. Torbitzky, Chief Judge

Robert M. Clayton III, J., and
Michael S. Wright, J., concur.